Daniel G. Albert, J.
In this proceeding, pursuant to article 78 of the CPLR, petitioner seeks a judgment directing the respondents: (1) to provide full garbage and rubbish collection and disposal service for that portion of petitioner’s property which lies within the Albertson-Searington-Herricks Refuse and Garbage District (hereinafter referred to as the ‘1 District ’■’•)' in the Town of North Hempstead (hereinafter referred to as the . “Town”), and (2) to make restitution to petitioner of that portion of the special levy paid by it to the District for garbage and rubbish collection that is applicable to the period commencing January 1, 1967 to the date on which full collection and disposal services are commenced.
This is the second such proceeding brought by petitioner. The prior proceeding, commenced in July, 1966 to review the *971 levy imposed upon petitioner for 1966, the first year in which the District was in operation, was dismissed as untimely (N. Y. L. J., Nov. 18,1966, p. 19, col. 7). This proceeding, dealing with the levy imposed for 1967, has been timely commenced and a disposition on the merits is in order.
The facts are relatively simple. Petitioner is the owner of a large industrial plant situated partly within the Incorporated Village of Lake Success and partly within the unincorporated area of the Town of North Hempstead. The latter portion also lies within the boundaries of the Garbage District.
The garbage and refuse generated by petitioner’s operations upon that portion of its facilities within the District totalling some 4,'500 pounds a day has been for some time, and continues to be, collected by a private contractor engaged by petitioner to service its entire plant. Petitioner pays this contractor approximately $36,000 a year, of which it estimates that approximately $21,000 is referable to the collection and disposal of the 4,500 pounds of garbage and refuse accumulated each day from its facilities within the District.
In July, 1965, those respondents constituting the Town Board by resolution created the Garbage District, pursuant to article 12-A of the .Town Law. Some time thereafter, in December, 1965, those respondents entered into a contract with Donno Company, Inc. under which the latter agreed, for the consideration of $745,800, to collect “ all garbage and rubbish in the * * * District and [to] dispose of the same by incineration ” for a three-year period commencing January 1, 1966. The contract further provides that “ The places to be served * * * shall include * * * each house, store, apartment house, and any other place of dwelling, industry or business, including private and public buildings situate in the District ”. The contract sets the frequency of collection from each place to be served at “at least three times a week during the entire year ”. Finally, and most pertinent to the dispute now before the court, the contract, under that paragraph setting forth its “definitions” includes the following: “(c) Volume — For the purpose of making a proper allowance for commercial and industrial establishments within the District, the volume of material collected on any one day shall not exceed forty (40) pounds in weight except on a special collection day.”
The portion of petitioner’s property within the District has been assessed at $5,773,100 and a levy of $22,110.97 for the year commencing January 1,1967 has been imposed on that property for garbage removal services. However, the only collection and disposal service offered to petitioner by the respondents and *972 by the contractor engaged by them is the collection and disposal of 40 pounds of garbage and rubbish three times a week, the same service offered to the residential property owners of the District.
Respondents’ position that the contractor’s obligation is so limited by the contract is not before the court but it may be noted that that' position is not entirely free from doubt since as the portions of the contract quoted supra indicate, the contractor expressly agrees to collect and dispose of all garbage and rubbish.
As was stated by this court in its decision in the prior proceeding, ‘ ‘ To pay an assessment of $22,500 [which was the 1966 levy] to the district for a collection of garbage limited to forty pounds on any collection day seems an inordinately disproportionate service when compared tó the amount paid therefor.” An exercise in simple division demonstrates that petitioner is being required to pay $3.54 a pound for garbage and refuse collection, a price that most of us would hesitate to pay for the choicest cut of beef.
Petitioner contends that the respondents are under a duty to collect all of the garbage and refuse from its property within the District and that the limitation presently imposed on the collection has the effect of depriving petitioner of any benefit from payment of the levy, since patently petitioner must, and does, continue to make its own arrangements for the disposal of the 4,500 pounds of garbage and refuse accumulated daily on the property involved.
In opposition to the petition, respondents contend that the levy upon all property within the District on an ad valorem basis distributes the burden of the cost of the collection and disposal service equally and uniformly and that, while there may be some inequity in the benefit received by petitioner, the nature of the service being rendered compels a limitation of volume in order that the District may contract for the service on a realistic basis. Respondents point out that many taxes imposed on property on an ad valorem basis contain inequities. They attempt to analogize the instant situation to the levy of taxes to support the public school system. It is true that childless property owners pay school taxes, as do those with children attending private rather than public schools, and it can be said, in one sense, that a taxpayer with several children attending public school derives a greater benefit from payment of his school taxes than does one paying the same tax who has but one child in school.
However, the analogy to taxation for school purposes seems to this court inappropriate. The concern of the public at large *973 for the education of the young has traditionally been reflected in the State’s control and regulation of educational institutions and by its public policy of requiring each community to maintain a free school system. (N. Y. Const., art. XI, § 1.) It cannot be said that only those whose children are educated by that free school system derive a benefit therefrom.
The establishment and maintenance of a refuse and garbage district, such as that involved herein, is not mandatory. The authority of the Town Board to establish such a district (which authority is not questioned in this proceeding) and the manner in which it may distribute the cost of establishing and operating such a district is found in the Town Law. Respondents point to subdivision 3 of section 202 of that law as authority for levying the expense of collection in the same manner as other town charges; that is, on an ad valorem basis. However, that section deals primarily with the expenses of establishing certain types of public improvement districts, and further, authorizes an ad valorem levy “ except as otherwise provided by law”. Subdivision 9 of section 198 refers expressly to the collection services to be provided after the establishment of a refuse and garbage district and provides, in paragraph (b), that the Town Board may: “ (b) Establish from time to time, charges, fees or rates to be paid by users for refuse and garbage collection service and may provide for the payment of said charges in advance. Such charges, fees or rates may be based upon the volume of refuse, garbage, ashes, rubbish and other waste matter collected, making a proper allowance for commercial or industrial establishments, the number of calls per month, the number of persons or families served in the district, or upon any other equitable basis as the town board may determine. Such~ckarges shan"be a lien upon the real property for which or in connection with which the services are rendered. ” ~
Under this statute, it may be that the Town Board had the] right to assess the expense on an ad valorem basis. However,^ it could not at the same time restrict the benefit to petitioner f to the point where it is, in effect, nonexistent. ^
Such a determination is hardly equitable, and equality is the basic principle of taxation (Weiskopf v. City of Saratoga Springs, 244 App. Div. 417, 421, revd. on other grounds 269 N. Y. 634).
Since petitioner has not had the benefit of collection and disposal service, it is entitled to a refund of that portion of the tax levy paid by it applicable to the.period from January 1, 1967 to the date on which complete service is rendered, and the judgment to be entered hereon wrill so provide. The judgment shall *974 also provide that petitioner shall not be liable for the payment of the second half of the 1967 levy or any subsequent levy unless and until complete garbage and rubbish collection is provided, or the respondent board devises and puts into effect within the District a more equitable means of distributing the cost of this service, ‘1 making a proper allowance for commercial and industrial establishments” within the meaning of section 198 of the Town Law, § 198 (subd. 9, pars, [a] and [b]).