■ In the Matter of SPERRY RAND CORPORATION, Respondent, v. TOWN OF NORTH HEMPSTEAD et al., Appellants.— Judgment of the Supeme Court, Nassau County, dated May 26, 1967, affirmed, without costs. No opinion. Beldock, P. J., Brennan, Munder and Martuscello, JJ., concur; Hopkins, J.,

concurs, with the following memorandum: I concur because I believe that Special Term reached an equitable result on the record before it. . Petitioner pleads that the levy of an *ad valorem* tax based on the assessed valuation of its property for the collection of garbage and rubbish within a special district formed for that purpose is void " in that no reasonable basis exists for respondents' failure to collect and dispose of the garbage and rubbish generated by the petitioner's use and occupancy of its property within the Garbage District." Special Term held that no tax for such purpose is payable by petitioner unless complete service is provided to its property or a more equitable means of distributing the cost of garbage and rubbish collection is devised by respondents. No appeal has been taken by petitioner from this determination and apparently no claim was made by petitioner before Spcial Term that an *ad valorem* tax for that purpose is void; nor does petitioner's brief on this appeal raise that claim. Nevertheless, I believe that, as a question of public law is necessarily raised by the petition, I should state my construction of the statutes which authorize the formation of garbage districts and my opinion as to the validity of the tax levied by respondents. Section 190 of the Town Law permits a town to establish a refuse district. After the district is established, the town board may either provide for the collection of garbage and refuse or may contract for such collection (Town Law, § 198, subd. 9, par. [a]). Whichever method is used by the town board, the charge for the service must be determined by the board based on the volume of material collected and other related factors; only if unpaid do the charges become a lien on the property served (Town Law, § 198, subd. 9, pars. [b], [c]). Hence, no provision is made for the levy of *ad valorem* taxes for garbage district operating expenses, unlike the cases of other special districts (Town Law, § 198, subds. 6, 8-a, § 200-a). True, the expense for the original establishment of the garbage district or the expense of an improvement therein may be defrayed through an *ad valorem* tax, but the statutory authority does not extend to operating expenses where the service is provided by contract (Town Law §§ 202-a, 202-d). Nor is there authority conferred for the levy of an *ad valorem* tax for such expenses by section 255.6 of the Nassau County Civil Division Act (L. 1939, ch. 273, as amd.), as that statute in essence supplies no more authority than the Town Law. In short, I do not consider that an *ad valorem* tax for district operating expenses arising out of garbage collection and disposal under contract is valid; such expense should be met by proper charges determined by the Town Board on the basis of the various factors described in the statute (Town Law, § 198, subd. 9, pars. [b], [c]). [53 Misc 2d 970.]