■ LANDMARK COLONY AT OYSTER BAY HOMEOWNERS' ASSOCIATION, INC., Respondent, v TOWN OF OYSTER BAY et al., Appellants.—In an action for a judgment declaring invalid the imposition of garbage collection taxes on the plaintiff's property and for an order directing the refund of all taxes paid, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Becker, J.), dated March 26, 1987, which granted the plaintiff's motion for summary judgment and directed the defendants to refund all garbage collection taxes paid from the date a protest was first received, and (2) a judgment of the same court, dated May 7, 1987, which declared the garbage collection taxes invalid and ordered the defendants to refund all such taxes paid from January 1, 1982.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by deleting therefrom the provisions which direct the defendants to refund to the plaintiff the sum of $43,269 with interest from January 1, 1982, and substituting therefor a provision ordering the defendants to refund to the plaintiff all garbage collection taxes paid from May 27, 1986 through the present; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for the computation of the amount due and for the entry of an appropriate amended judgment; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of the direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order

are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff is the homeowner's association of the Landmark Colony at Oyster Bay (hereafter the condominium), a condominium complex consisting of 34 single-family units. In order to secure approval for the construction of the condominium the developer agreed to a number of conditions and provisions as recited in Resolution number 44-80 of the Town Board of Oyster Bay, dated January 14, 1980. Condition 13 states: "That the collection and disposition for the property of garbage, ashes, rubbish, debris, or other waste matter shall be the sole responsibility of the Unit owners, without any obligation on the part of the Town of Oyster Bay, and said Town shall not be requested or petitioned to provide for any such collection or disposition".

Although the homeowners were responsible for their own garbage removal, the town continued to charge each unit a garbage collection tax pursuant to Town Law § 198 (9). In a letter dated May 27, 1986, the attorney for the condominium notified the Town Attorney that the homeowners were seeking a refund of "all * * * taxes for garbage collection" levied against the condominium. This was followed by a letter dated June 13, 1986 to the Receiver of Taxes which constituted a formal protest of the continued imposition of the garbage collection tax.

The present action for a declaratory judgment was commenced on or about August 8, 1986. In December 1986 the plaintiff moved for summary judgment. By order entered March 27, 1987, the Supreme Court granted the plaintiff's motion finding that there was no basis for the continued imposition of the garbage collection tax where as in this case the plaintiff's property was excluded from the services provided by the garbage district. The court directed the defendants to refund all garbage collection taxes paid from the date "protest was made". However, in its judgment dated May 7, 1987, the court directed a refund of all taxes retroactive to January 1, 1982.

On appeal the defendants argue that the court erred in granting summary judgment to the plaintiff since there existed several triable issues of fact. However, a review of the papers submitted by the defendanats in opposition to the plaintiff's summary judgment motion reveals that they contain only "bald conclusory assertions" which are not sufficient to defeat the plaintiff's motion *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 342; *Assing v United Rubber Supply*

*Co.,* 126 AD2d 590). The court properly determined that where, as here, a plaintiff is precluded from receiving any garbage collection services there is no basis for the town to impose a garbage collection tax on its property *(see, Matter of Sperry Rand Corp. v Town of N. Hempstead,* 53 Misc 2d 970, *affd* 29 AD2d 968, *affd* 23 NY2d 666; *Board of Managers v Town of Oyster Bay* [Sup Ct, Nassau County, Apr. 21, 1986, Oppido, J.]). We find totally without merit the defendants' argument that "garbage collection services exist and have been refused" by the plaintiff. The town resolution which allowed the development of the condominium makes garbage collection the sole responsibility of the plaintiff and prohibits the plaintiff homeowner's association from requesting or petitioning the town to provide garbage collection services. The record is devoid of any evidence that the provision in question was ever rescinded or that the town ever offered to provide garbage collection to the plaintiff.

Equally without merit is the defendants' claim that the condominium's developer, by agreeing to the aforementioned provision, intended to "continue imposition of the * * * tax and waive collection services". There is nothing in the record to support such an interpretation of the provision.

Although there should be a refund of a portion of the taxes paid by the plaintiff it was error for the court in its judgment to order the defendants to refund all taxes paid from January 1, 1982 on. It was not until May 27, 1986 that the plaintiff notified the Town Attorney that it was seeking a refund of taxes. Although a formal protest of the continued imposition of the garbage tax was not sent to the Receiver of Taxes until June 13, 1986, the letter of May 27 constituted "some form of actual protest to payment" *(City of Rochester v Chiarella,* 58 NY2d 316, 325; *see also, Gandolfi v City of Yonkers,* 101 AD2d 188, *affd* 62 NY2d 995). Since there is no evidence that the plaintiff paid the taxes in question under duress there is no basis for ordering a refund of taxes paid prior to the date a protest was registered *(see, City of Rochester v Chiarella, supra,* at 325). Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.