OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The appellant Town of Oyster Bay imposes a "special ad valorem levy,” as defined by section 102 of the Real Property Tax Law, on real property owned by plaintiffs within the Town. These owners are not serviced by the Town’s garbage collection district. Plaintiffs own property in a development which was formed as a homeowners association. As a condition for zoning and planning approval by the Town of Oyster Bay and the County of Nassau, the predecessor in title to plaintiffs’ properties entered into a declaration of covenants and restrictions which, among other things, required plaintiffs to "provide at their own cost and expense for the disposition of garbage, ashes, debris or other waste material.” The declaration also stated that "the Town of Oyster Bay shall not be requested or petitioned to provide for any such services.” Pursuant to that declaration, plaintiffs retained a private company to collect their garbage. The Town of Oyster Bay continues to impose the ad valorem levy for Garbage Collection District No. 1 on plaintiffs’ properties.
Plaintiffs commenced this action seeking an order declaring the imposition of the levy invalid. Supreme Court, Nassau County, declared the levy "illegal, invalid and in violation of Section 198 (9) (b) of the Town Law” by reason of the waiver of garbage collection services by plaintiffs’ predecessor in title. The Appellate Division, Second Department, affirmed, holding that "[wjhere property is excluded from garbage collection services, the imposition of a garbage collection tax is invalid” (176 AD2d 773). Leave to appeal was granted by this Court.
This Court has allowed a property owner to recover ad *735 valorem levies paid to a Town’s garbage district for garbage collection services where the petitioner did not have the benefit of that Town’s garbage collection service (see, Matter of Sperry Rand Corp. v Town of N. Hempstead, 53 Misc 2d 970, affd 29 AD2d 968 [no opn], affd on opn at Special Term 23 NY2d 666). There, the owner of a large industrial plant situated partly within the Town of North Hempstead, sought to recover a special levy paid by it to the Town’s garbage district prior to receiving garbage collection services from the Town. The Town Board had resolved to collect "all garbage and rubbish in the * * * District and [to] dispose of the same by incineration.” However, the Town limited the volume of garbage and rubbish that it would collect from commercial and industrial establishments to 40 pounds three times a week. Generating approximately 4,500 pounds of garbage and refuse daily, the commercial owner engaged a private garbage collection contractor to service the entire plant.
This Court affirmed the Appellate Division order, which upheld Supreme Court’s holding that:
"Since petitioner has not had the benefit of collection and disposal service, it is entitled to a refund of that portion of the tax levy paid by it * * * [up] to the date on which complete service is rendered” (53 Misc 2d, at 973 [emphasis in original]).
In the instant case, the Town of Oyster Bay does not provide and does not intend to provide the residential property owners with the benefit of garbage collection services. We hold, therefore, that this ad valorem levy imposed by the Town for garbage collection services, where the owners do not receive the benefit of that service, is invalid.
This ruling is consistent with Landmark Colony at Oyster Bay Homeowners’ Assn. v Town of Oyster Bay (145 AD2d 542). There, the plaintiff, a homeowner’s association of a condominium complex, sought a judgment declaring the imposition of garbage collection taxes on its property invalid and ordering the Town to refund all the taxes paid. In order to secure approval for the construction of the condominium, the developer of the condominium complex had entered into an agreement with the Town Board that the condominium unit owners would be solely responsible for garbage collection without any obligation on the part of the Town of Oyster Bay. The Second Department held that "where * * * a plaintiff is precluded from receiving any garbage collection services there is no *736 basis for the town to impose a garbage collection tax on its property” (id., at 544).
Here, although the restrictive covenant between plaintiffs’ predecessor in title and the Town of Oyster Bay does not expressly condition the grant of favorable zoning conditions on the owners’ agreement to provide their own garbage collection services, it does preclude the owners from receiving any garbage collection services from the Town. Because plaintiffs do not receive the pertinent benefit, no basis exists in these circumstances for the imposition of this ad valorem garbage collection levy (see, RPTL 102 [14]).
The appellant Town of Oyster Bay argues further that the waiver of the garbage collection services cannot serve as a basis to invalidate the ad valorem levy, and the municipal garbage district cannot be diminished unless statutory requirements, including a public hearing, are satisfied (see, Town Law § 202-c). This argument is not persuasive. The declaration between the predecessor in title and the Town of Oyster Bay expressly made garbage collection the sole responsibility of the property owners and prohibited them from petitioning the Town to provide such services. In return, the Town of Oyster Bay allowed favorable zoning conditions to the predecessor in title to plaintiffs’ properties. We do not construe the declaration as a waiver by successor property owners to object to the imposition of an ad valorem levy for garbage collection services where the property owners do not receive those services.
We have examined the Town of Oyster Bay’s remaining contentions and conclude that they are also without merit.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, with costs, in a memorandum.