■ SYSCO CORPORATION et al., Appellants-Respondents, v TOWN OF HEMPSTEAD et al., Respondents-Appellants. [642 NYS2d 963] —In an action, *inter alia,* for a judgment declaring invalid

an ad valorem tax on the plaintiffs' properties for garbage district purposes, (1) the plaintiffs appeal, as limited by their briefs, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), dated January 9, 1995, as declared the tax valid under Town Law § 198 (9) (b); § 202 (3) and denied the plaintiffs' demand for a refund of those taxes, and (2) the defendants cross-appeal from so much of the same order and judgment as directed the defendant Town of Hempstead to provide "on site non-dumpster solid waste refuse collection service to commercial property owners in the subject special district".

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order and judgment is reversed insofar as cross-appealed from, on the law, and the third decretal paragraph thereof is deleted; and it is further,

Ordered that the defendants are awarded one bill of costs.

The record supports the Supreme Court's finding that the Town of Hempstead's restrictions on the amount of solid waste refuse it will remove from the plaintiffs' premises and the means by which it will do so do not reduce the benefit to the plaintiffs "to the point where it is, in effect, nonexistent" (cf., Matter of Sperry Rand Corp. v Town of N. Hempstead, 53 Misc 2d 970, affd 29 AD2d 968, affd 23 NY2d 666). The fact that limits are placed upon refuse collection from commercial users and not upon residential users does not call for a different conclusion (see, Industrial Refuse Sys. v O'Rourke, 134 Misc 2d 45, 53, affd sub nom. Pelliccio v Axelrod, 129 AD2d 76, citing Leroy Franz, Inc. v City of New Rochelle, 124 NYS2d 525). Furthermore, the fact that the per-pound cost of solid waste removal for commercial and industrial users is increased as a result of the volume and weight limitations in question does not render the ad valorem tax inequitable pursuant to Town Law § 198 (9) (b).

In view of our determination that the Supreme Court's declaration that the ad valorem tax as applied to the plaintiffs' properties is valid, we find that the imposition of injunctive relief requiring the Town to provide on-site, as opposed to curbside, collection of solid waste was erroneous.

In view of the foregoing, we need not consider the plaintiffs' demand for a refund of the ad valorem taxes in question. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.