■ Long Island Lighting Company, Respondent, v Office of Supervisor of Town of North Hempstead et al., Appellants. [649 NYS2d 717] —In an action, *inter alia,* to declare invalid the imposition of ad valorem levies for garbage and refuse district purposes against certain of the plaintiff's properties, the defendants appeal, as limited by their notices of appeal and brief, from (1) so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated June 22, 1995, as granted the plaintiff's motion for partial summary judgment to the extent of declaring invalid the ad valorem levies imposed against the plaintiff's gas and electric transmission and distribution facilities and directed the defendants to refund the moneys so paid by the plaintiff on those properties for the years 1993 and 1994, and (2) a first partial judgment of the same court, entered December 5, 1995, which, *inter alia,* awarded the plaintiff a refund of all special ad valorem levies paid on those facilities for the years 1993 and 1994 in the aggregate amount of $308,125.93.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The taxes in question are ad valorem taxes imposed by the various garbage collection districts within the Town of North Hempstead, designed to cover the costs of solid waste collection in the district. There is no question that the properties involved in this appeal, i.e., LILCO's gas and electric transmission and distribution facilities located on its fee-owned rights of way, easements on private property and easements on special

franchise property, do not generate any solid refuse. Therefore, these are not benefited properties as defined by Real Property Tax Law § 102 (14) and cannot be the subject of taxes imposed by the appellants pursuant to Town Law § 198 (*see, Applebaum v Town of Oyster Bay,* 81 NY2d 733, and the cases cited therein).

We have examined the appellants' remaining contentions and find them to be without merit or not properly raised before this Court. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.