■ BARCLAY TOWNHOUSE AT MERRICK II CORP., Respondent, v TOWN OF HEMPSTEAD et al., Appellants. [734 NYS2d 870] —In an action, *inter alia*, for a judgment declaring invalid the imposition of ad valorem taxes for garbage collection against the plaintiff's property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered August 11, 2000, which, *inter alia*, upon the granting of the plaintiff's motion for summary judgment, in effect, declared invalid the imposition of ad valorem taxes for garbage collection against the plaintiff's property.

Ordered that the judgment is affirmed, with costs.

The Town of Hempstead Board of Zoning Appeals adopted a resolution in 1986 which, among other things, prohibits the plaintiff from maintaining a common refuse or dumpster area on its premises (*see,* Town of Hempstead Board of Zoning Appeals Resolution No. 472-1986). The resolution mandates that each unit shall have individual, in-ground refuse containers, and that refuse removal shall be conducted by a private sanitation service (*see,* Town of Hempstead Board of Zoning Appeals Resolution No. 472-1986). Moreover, the Town Code of the Town of Hempstead prohibits the defendants from servicing in-ground refuse containers and only permits the collection of garbage from above-ground receptacles (*see,* Town of Hempstead Town Code § 128-7c). There is no dispute that the plaintiff complied with the resolution by hiring a private sanitation service to remove the refuse from each cooperative unit owner's in-ground container. Nevertheless, the plaintiff has been assessed ad valorem levies each year for sanitation services that the defendants do not provide.

Where property is excluded from garbage collection services, the imposition of a garbage collection tax is invalid (*see, Applebaum v Town of Oyster Bay,* 81 NY2d 733, 735; *Landmark Colony v Town of Oyster Bay,* 145 AD2d 542, 544; *Sperry Rand Corp. v Town of Hempstead,* 53 Misc 2d 970, *affd* 29 AD2d 968, *affd* 23 NY2d 666). It is undisputed that neither the Town of Hempstead Board of Zoning Appeals' resolution prohibiting the plaintiff from maintaining a common dumpster area, nor the Town Code prohibiting the defendants from servicing the in-ground refuse containers, has been rescinded or modified. As a result, the plaintiff must hire a private carting service. There is no basis, therefore, for the defendants to impose a garbage collection tax on the plaintiff's property for a service it does not provide. The Supreme Court properly declared the tax invalid. H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.