M. FORTUNOFF OF WESTBURY CORP. et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. (Action No. 1.) KMART CORPORATION, Appellant, v TOWN OF HEMPSTEAD et al., Respondents. (Action No. 2.) HMCC ASSOCIATES et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. (Action No. 3.) SHELVIN PLAZA ASSOCIATES, Appellant, v TOWN OF HEMPSTEAD et al., Respondents. (Action No. 4.) J.C. PENNEY COMPANY, INC., Appellant, v TOWN OF HEMPSTEAD et al., Respondents. (Action No. 5.) OLD COUNTRY REALTY CORP. et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. (Action No. 6.) WILBER F. BRESLIN et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents, et al., Defendants. (Action No. 7.) [767 NYS2d 35] —In seven related actions, inter alia, for a refund of ad valorem Town of Hempstead Garbage District and Disposal District taxes and for a judgment declaring the taxes invalid and unconstitutional, (1) M. Fortunoff of Westbury Corp., Fortunoff Fine Jewelry and Silverware, Inc., and Westbury Property Investment Co., the plaintiffs in Action No. 1, appeal from an order of the Supreme Court, Nassau Count (Franco, J.), dated May 1, 2002, which denied their motion for partial summary judgment and granted that branch of the motion of the municipal defendants, Town of Hempstead, Town of Hempstead Refuse and Garbage District, Town of Hempstead Refuse Disposal District, Gregory P. Peterson, as Supervisor of the Town of Hempstead and Commissioner of the Town of Hempstead Refuse and Garbage District and Town of Hempstead Refuse Disposal District, Town Board of the Town Of Hempstead, as Commissioners of the Town of Hempstead Refuse and Garbage District and Town of Hempstead Refuse Disposal District, Richard Ronan, as Commissioner of the Town of Hempstead Refuse and Garbage District and Town of Hemp-

stead Refuse Disposal District, and Angie M. Cullin, as Receiver of Taxes for the Town of Hempstead, for summary judgment dismissing the complaint in Action No. 1, (2) KMart Corporation, the plaintiff in Action No. 2, appeals from an order of the same court, also dated May 1, 2002, which denied its motion for partial summary judgment and granted that branch of the motion of the municipal defendants which was for summary judgment dismissing the complaint in Action No. 2, (3) HMCC Associates, Reckson Associates, and 50 Charles Lindbergh Associates, the plaintiffs in Action No. 3, appeal from an order of the same court also dated May 1, 2002, which denied their motion for summary judgment and granted that branch of the motion of the municipal defendants which was for summary judgment dismissing the complaint in Action No. 3, (4) Shelvin Plaza Associates, the plaintiff in Action No. 4, appeals from an order of the same court also dated May 1, 2002, which denied its motion for partial summary judgment and granted that branch of the motion of the municipal defendants which was for summary judgment dismissing the complaint in Action No. 4, (5) J.C. Penney Company, Inc., the plaintiff in Action No. 5, appeals from an order of the same court, also dated May 1, 2002, which denied its motion for partial summary judgment and granted that branch of the motion of the municipal defendants which was for summary judgment dismissing the complaint in Action No. 5, (6) Old Country Realty Corp., Water Works Realty Corp., and West Publishing Company, the plaintiffs in Action No. 6, appeal from an order of the same court, also dated May 1, 2002, which denied their motion for partial summary, granted the motion of the defendant Sanitary District No. 2 for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the motion of the municipal defendants which was for summary judgment dismissing the complaint in Action No. 6 insofar as asserted against them, and (7) Wilbur F. Breslin, Bande Realty Co., Breslin Realty Associates, Farber and Breslin, East Meadow Associates, Levittown Mews Associates, LP, Cohen-Breslin Realty Co., Breslin Realty Associates, Bande Development Co., R.F. Realty Co., R.E.W. Realty Co., and Plaza 400 Realty Corp., the plaintiffs in Action No. 7, appeal, as limited by their brief, from so much of an order of the same court, also dated May 1, 2002, as denied their motion for partial summary judgment granted the respective motions of the defendants Sanitary District No. 2, Board of Commissioners of Sanitary District No. 6, and Sanitary District No. 6 for summary judgment dismissing the complaint in Action No. 7 insofar as asserted against them, granted that branch of the motion of the

municipal defendants which was for summary judgment dismissing that complaint insofar as asserted against them, and declared that the challenged Sanitary District No. 6 ad valorem assessments are valid.

Ordered that the order in Action No. 7 is affirmed insofar as appealed from; and it is further,

Ordered that the remaining orders are affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the challenged ad valorem tax assessments are valid; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiffs are owners and/or occupiers of commercial properties within the defendant Town of Hempstead. After relying exclusively on various private garbage collection services for a number of years, the plaintiffs, whose properties are located within the Town of Hempstead Refuse and Garbage District, a defendant in all seven actions, as well as the plaintiffs who are within Sanitary District No. 2, a defendant in Action Nos. 6 and 7, and Sanitary District No. 6, a defendant in Action No. 7, commenced these related actions seeking, inter alia, a refund of Garbage and Disposal District taxes. The plaintiffs collectively contend that the Town and the Sanitary Districts effectively failed and refused to collect and dispose of garbage from their premises by limiting the size and weight of containers of garbage permitted to be picked up from the premises and the place for such pick-up, and by refusing to provide on-site dumpster service at the premises.

Contrary to the plaintiffs' contention, the Supreme Court properly found in favor of the respondents because the record demonstrates, as a matter of law, that the plaintiffs failed to establish that any formal demand for garbage collection service was made upon the Town or the Sanitary Districts before the commencement of these actions (*see J.C. Penney Co. v Town of Oyster Bay,* 302 AD2d 561 [2003], *lv denied* 100 NY2d 505 [2003]).

In any event, "the Town of Hempstead's [as well as the Sanitary Districts'] restrictions on the amount of solid waste refuse [they] will remove from the plaintiffs' premises and the means by which [they] will do so do not reduce the benefit to the plaintiffs 'to the point where it is, in effect, nonexistent' " (*Sysco Corp. v Town of Hempstead,* 227 AD2d 544 [1996]).

The plaintiffs' remaining contentions are without merit.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment making a declaration in favor of the Town defendants (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.