■ NEW YORK TELEPHONE COMPANY, Respondent, v SUPERVISOR OF TOWN OF OYSTER BAY et al., Appellants, et al., Defendant. (And a Third-Party Action.) (Action No. 1.) NEW YORK TELEPHONE COMPANY, Respondent, v SUPERVISOR OF TOWN OF OYSTER BAY et al., Appellants, et al., Defendant. (And a Third-Party Action.) (Action No. 2.) [775 NYS2d 349]—

In two related actions, inter alia, for a judgment declaring invalid the imposition of ad valorem levies for garbage and refuse collection services against certain of the plaintiff's properties, the defendants Supervisor of Town of Oyster Bay, Town of Oyster Bay, Town of Oyster Bay Garbage District 1, Town of Oyster Bay Garbage District 2, Town of Oyster Bay Solid Waste Disposal District, Syosset Garbage District, Town Board of Town of Oyster Bay, as Commissioners of Glenwood/Glen Head Sanitation District, Town of Oyster Bay Garbage District 1, Town of Oyster Bay Garbage District 2, Town of Oyster Bay Solid Waste Disposal District, and Syosset Garbage District, Boards of Commissioners and Commissioners of Glenwood/Glen Head Sanitation District, Town of Oyster Bay Garbage District 1, Town of Oyster Bay Garbage District 2, Town of Oyster Bay Solid Waste Disposal District, and Syosset Garbage District, Receiver of Taxes of the Town of Oyster Bay, and Controller of the Town of Oyster Bay appeal from an order of the Supreme Court, Nassau County (Martin, J.), entered December 26, 2002, which, inter alia, granted the plaintiff's motion for summary judgment declaring invalid the defendants' imposition of ad valorem levies against certain properties for garbage and refuse collection services, enjoining the continued imposition of such taxes, directing the defendants to refund with interest those ad valorem levies collected from the plaintiff for the tax years 1995 through 1999, and directing that the calculation of damages for

the levies paid by the plaintiff for the tax years 1992 through 1994 be determined at trial.

Ordered that the order is affirmed, with costs and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including the entry of a judgment, inter alia, declaring that the defendants' imposition of ad valorem levies for garbage and refuse collection services against the subject properties is invalid.

The plaintiffs brought these actions, inter alia, for a judgment declaring invalid the imposition of ad valorem levies for garbage and refuse collection services against certain of the plaintiff's properties, imposed by the various garbage collection districts within the appellant Town of Oyster Bay, designed to cover the costs of solid waste collection in the district. There is no question that the properties involved on this appeal, i.e., the plaintiff's telephone lines, wires, cables, supports, and electrical enclosures located on its fee-owned rights of way, easements on private property, and easements on special franchise property, do not generate any solid refuse. Therefore, these are not benefited properties as defined by Real Property Tax Law § 102 (14) and cannot be the subject of taxes imposed by the appellants pursuant to Town Law § 198 (see Applebaum v Town of Oyster Bay, 81 NY2d 733 [1992]; Long Is. Light. Co. v Office of Supervisor of Town of N. Hempstead, 233 AD2d 300 [1996]).

The appellants' remaining contentions are without merit.

We note that since this is, inter alia, a declaratory judgment action, when a final judgment is entered the Supreme Court should declare that the defendants' imposition of ad valorem levies for garbage and refuse collection services against the subject properties is invalid (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.