■ WATER CLUB HOMEOWNER'S ASSOCIATION, INC., et al., Appellants, v TOWN BOARD OF TOWN OF HEMPSTEAD et al., Respondents. [792 NYS2d 533]—

In an action, inter alia, for a judgment declaring that a certain portion of a restrictive covenant is illegal, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated August 26, 2003, which denied their motion for leave to amend the complaint to add a cause of action, granted the defendants' cross motion, inter alia, for summary judgment dismissing the third cause of action, and dismissed the complaint in its entirety.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that paragraph 9 of the Declaration of Covenants, Restrictions, Easements, Charges, and Liens by Water Club Associates is legal.

The plaintiffs, the Water Club Homeowner's Association, Inc., and certain unit owners (hereinafter the plaintiffs) comprise a gated community within the Atlantic Beach Estates Park District (hereinafter the Park District) in the Town of Hempstead, Nassau County. In 1986 the Board of Zoning Appeals of the Town of Hempstead (hereinafter the ZBA) granted the plaintiffs permission to construct their community of 56 one-family dwellings subject to the recording of a Declaration of Covenants, Restrictions, Easements, Charges, and Liens by Water Club Associates (hereinafter the Restrictive Covenant), wherein the plaintiffs, inter alia, waived their rights to the "use of a cabana, locker, locker facilities or parking facilities" at the Park District's beach club. To fund the Park District, the defendant Town Board of the Town of Hempstead (hereinafter the Town Board) assessed an ad valorem tax upon the residents of the Park District, including the plaintiffs. In March 2002, the plaintiffs commenced this declaratory judgment action. The first two causes of action were dismissed by order of the Supreme Court, Nassau County, dated April 15, 2003, and are not at issue on this appeal. The third and only remaining cause of action sought a declaration that paragraph 9 of the Restrictive Covenant, which prevents the plaintiffs from utilizing certain facilities in the Park District's beach club, is illegal. The

plaintiffs moved for leave to add a fourth cause of action, that the ad valorem taxes levied upon the plaintiffs to fund the maintenance, improvement, and expansion of the Park District's beach club were invalid because paragraph 9 of the Restrictive Covenant prohibits them from utilizing the services for which such taxes were levied. The Town Board opposed the motion and cross-moved to dismiss the third cause of action. The Supreme Court denied the plaintiffs' motion, granted the Town Board's cross motion for summary judgment dismissing the third cause of action, and dismissed the complaint in its entirety. We affirm.

The Supreme Court properly granted the Town Board's cross motion for summary judgment. Pursuant to paragraph 13 of the Restrictive Covenant, the owner (i.e., the plaintiffs) may amend, annul, alter, or repeal the within covenants and restrictions at any time. Contrary to the plaintiffs' assertions, they did not need approval from the ZBA to repeal the restrictions on the use of certain facilities at the Park District's beach club; the ZBA merely required that the Restrictive Covenant be recorded. Further, the Restrictive Covenant provides that the covenants and restrictions were deemed to be in the best interest of the declarants (the predecessors of the plaintiffs) by conserving the value of their property and property in the vicinity. If the plaintiffs were dissatisfied with the self-imposed restrictions on their use of certain Park District facilities for which they were required to pay ad valorem taxes, they could repeal those restrictions. The record indicates that there would be no community opposition to such a repeal. Accordingly, paragraph 9 of the Restrictive Covenant is not illegal and the Town Board was entitled to a declaration to that effect.

With respect to the plaintiffs' motion for leave to amend the complaint to add a fourth cause of action for a declaration that the ad valorem taxes levied for the maintenance and improvement of the Park District were illegal in light of the Restrictive Covenant, the Supreme Court properly denied the plaintiffs' motion as the claim was patently lacking in merit (see *Whitney-Carrington v New York Methodist Hosp.*, 289 AD2d 326, 327 [2001]; *Parisi v Leppard*, 237 AD2d 419 [1997]). Not only are the restrictions on the use of certain facilities within the Park District self-imposed, but the plaintiffs concede that they have the right to use the beach and the shuttle-bus service. An ad valorem tax will not be deemed invalid unless the taxpayer's benefit received from the imposition of the tax is reduced " 'to the point where it is, in effect, nonexistent' " (*Sysco Corp. v Town of Hempstead*, 227 AD2d 544, 545 [1996], quoting *Matter*

of *Sperry Rand Corp. v Town of N. Hempstead*, 53 Misc 2d 970, 973 [1967], *affd* 29 AD2d 968 [1968], *affd* 23 NY2d 666 [1968]). In addition, the plaintiffs did not allege that they have demanded access to or use of all the Park District facilities or have been denied access to or use of those facilities, which is another shortcoming in their proposed fourth cause of action (*see M. Fortunoff of Westbury Corp. v Town of Hempstead*, 309 AD2d 906, 908 [2003]; *Sysco Corp. v Town of Hempstead, supra*). Accordingly, the Supreme Court properly denied the plaintiffs' motion for leave to amend.

The remaining contentions of the Town Board haven been rendered academic in light our determination.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that paragraph 9 of the Restrictive Covenant is legal (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.