LANDMARK COLONY AT OYSTER BAY HOMEOWNERS ASSOCIATION, INC., Respondent, v TOWN OF OYSTER BAY et al., Appellants. [936 NYS2d 301]—

The plaintiff is the homeowner's association of the condominium complex Landmark Colony at Oyster Bay (hereinafter the condominium). In approving the site plan for the construction of the condominium, the Town Board of the Town of Oyster Bay imposed various conditions, as set forth in Town Resolution No. 44-80, dated January 17, 1980 (hereinafter the 1980 Resolution). Condition 13 of the 1980 Resolution stated: "That the collection and disposition for the property of garbage, ashes, rubbish, debris, or other waste matter shall be the sole responsibility of the Unit owners, without any obligation on the part of the Town of Oyster Bay, and said Town shall not be requested or petitioned to provide for any such collection or disposition."

Although the condominium unit owners were responsible for their own garbage collection, and they hired a private carter to collect their garbage, the Town charged each unit a garbage collection tax pursuant to Town Law § 198 (9). The plaintiff challenged that garbage collection tax in an action which was commenced on or about August 8, 1986. In an order entered March 27, 1987, the Supreme Court granted the plaintiff's motion for summary judgment in that action, concluding that there was no basis for the imposition of a garbage collection tax because the plaintiff's property was excluded from the garbage collection services upon which the tax was based. The Town appealed. This Court affirmed the order of the Supreme Court, concluding that there was no proof that the 1980 Resolution, which made "garbage collection the sole responsibility of the plaintiff and prohibit[ed] the plaintiff homeowner's association from requesting or petitioning the town to provide garbage collection services . . . [,] was ever rescinded or that the town ever offered to provide garbage collection to the plaintiff" (*Landmark Colony at Oyster Bay Homeowners' Assn. v Town of Oyster Bay*, 145 AD2d 542, 544 [1988]).

On January 28, 1986, approximately seven months before the plaintiff commenced the prior action challenging the town's garbage collection tax, the Town Board established the Town's Solid Waste Disposal District (hereinafter SWDD) by adopting Town Resolution No. 123-1986. The Town Board stated that the purpose of the SWDD was "disposal of all garbage, rubbish, trash, ashes or other solid waste generated within [the] district." Thereafter, the Town imposed an SWDD garbage disposal tax on the condominium properties, and the unit owners paid those taxes without objection until August 13, 2007.

On December 18, 2008, the plaintiff commenced this action seeking, inter alia, a judgment declaring that the SWDD garbage disposal taxes imposed on its properties are invalid. The plaintiff moved for summary judgment declaring that the garbage disposal taxes are invalid and compelling the defendants to remove the plaintiff's properties from the SWDD tax rolls, and the defendants cross-moved for summary judgment, in effect, declaring that the garbage disposal taxes are valid. In an order dated September 14, 2010, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The Supreme Court determined that the SWDD garbage disposal tax differed from the garbage collection tax held invalid by this Court in *Landmark Colony at Oyster Bay Homeowners' Assn. v Town of Oyster Bay* (145 AD2d 542 [1988]). Nonetheless, the Supreme Court determined that the 1980 Resolution precluded the condominium properties from receiving or requesting the garbage disposal services provided by the SWDD, and further determined that the defendants failed to offer any proof that the unit owners directly benefitted from those services. Accordingly, it determined that there was no basis for the imposition of SWDD taxes on the condominium properties. Therefore, the Supreme Court granted the plaintiff's motion for summary judgment declaring that the taxes are invalid and compelling the defendants to remove the plaintiff's properties from the SWDD tax rolls.

On appeal, the defendants argue that the Supreme Court erred in granting the plaintiff's motion for summary judgment because the 1980 Resolution did not preclude the condominium properties from receiving the SWDD's garbage disposal services, and there are triable issues of fact as to whether the unit owners received the benefit of those services. The defendants contend that SWDD services, such as operation of the Town's garbage disposal facility, transport of garbage to an out-of-state facility, remediation of town landfills, various types of recycling, and supplemental processing of compost and hazardous waste, were not precluded by the 1980 Resolution, which prohibited the unit owners from requesting town services related to "garbage collection and disposition for the property." The plaintiff argues that the Supreme Court properly determined that the SWDD tax is invalid because the 1980 Resolution barred the unit owners from receiving or requesting garbage disposal services and the unit owners did not receive the benefit of those services.

A town may not impose a garbage collection tax on properties that do not receive the pertinent benefits of the town's garbage

collection services (*see Applebaum v Town of Oyster Bay*, 81 NY2d 733 [1992]; *Barclay Townhouse at Merrick II Corp. v Town of Hempstead*, 289 AD2d 351 [2001]; *Landmark Colony at Oyster Bay Homeowners' Assn. v Town of Oyster Bay*, 145 AD2d at 544; RPTL 102 [14]). It follows that a town may not impose a garbage disposal tax, like the tax at issue here, on properties that do not receive the pertinent benefits of the town's garbage disposal services.

The 1980 Resolution's prohibition on garbage "collection and disposition for the property" does not preclude the unit owners from receiving the particular disposal services offered by the SWDD, which include operation of the Town's garbage disposal facility, transport of garbage to an out-of-state facility, remediation of town landfills, various types of recycling, and supplemental processing of compost and hazardous waste (*cf. Applebaum v Town of Oyster Bay*, 81 NY2d 733 [1992]; *Barclay Townhouse at Merrick II Corp. v Town of Hempstead*, 289 AD2d 351 [2001]; *Landmark Colony at Oyster Bay Homeowners' Assn. v Town of Oyster Bay*, 145 AD2d 542 [1988]). In addition, the plaintiff failed to meet its initial burden of establishing the absence of a triable issue of fact as to whether the unit owners "receive the pertinent benefit" of the services provided by the SWDD (*Applebaum v Town of Oyster Bay*, 81 NY2d at 736; *see* Town Law § 198 [9] [c]; *cf. Barclay Townhouse at Merrick II Corp. v Town of Hempstead*, 289 AD2d 351 [2001]; *Landmark Colony at Oyster Bay Homeowners' Assn. v Town of Oyster Bay*, 145 AD2d 542 [1988]). Accordingly, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, and the Supreme Court should have denied its motion for summary judgment. However, the Supreme Court properly denied the defendants' cross motion, as they also failed to establish their prima facie entitlement to judgment as a matter of law.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Hall, Austin and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32713(U).]**