# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

462

CA 13-01800

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF NIAGARA MOHAWK POWER
CORPORATION, DOING BUSINESS AS NATIONAL
GRID, PETITIONER-PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

TOWN OF MARCY ASSESSOR, TOWN OF MARCY BOARD
OF ASSESSMENT REVIEW AND TOWN OF MARCY,
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

HISCOCK & BARCLAY, LLP, ALBANY (KARLA M. CORPUS OF COUNSEL), FOR
PETITIONER-PLAINTIFF-APPELLANT.

GORMAN, WASZKIEWICZ, GORMAN & SCHMITT, UTICA (WILLIAM P. SCHMITT OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Oneida County (Samuel D. Hester, J.), entered December
14, 2012 in a CPLR article 78 proceeding and declaratory judgment
action. The judgment, among other things, granted respondents-
defendants' cross motion for summary judgment dismissing the
petitions-complaints.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the provision dismissing
the petitions-complaints and granting judgment in favor of
respondents-defendants as follows:

It is ADJUDGED and DECLARED that the imposition of ad
valorem levies for garbage collection and sewer services
against the subject properties is valid,

and as modified the judgment is affirmed without costs.

Memorandum: In this hybrid CPLR article 78
proceeding/declaratory judgment action, petitioner-plaintiff
(plaintiff) contends that various parcels of real property it owns in
respondent-defendant Town of Marcy (Town) should not be subject to
special ad valorem levies imposed by the Town's sewer and garbage
districts because the subject properties are not benefitted by the
districts' services, and that Supreme Court therefore erred in denying
its motion for summary judgment seeking a declaration to that effect
and in granting the cross motion of respondents-defendants
(defendants) for summary judgment. We reject that contention. "The

test for determining whether real properties are benefitted, thus warranting special district assessment, is whether the properties are 'capable of receiving the service funded by the special ad valorem levy' " (*Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor*, 17 AD3d 1090, 1091, *affd sub nom. Matter of Niagara Mohawk Power Corp. v Town of Watertown*, 6 NY3d 744, quoting *New York Tel. Co. v Supervisor of Town of Oyster Bay*, 4 NY3d 387, 393). "An ad valorem tax will not be deemed invalid unless the taxpayer's benefit received from the imposition of the tax is reduced to the point where it is, in effect, nonexistent" (*Water Club Homeowner's Assn., Inc. v Town Bd. of Town of Hempstead*, 16 AD3d 678, 679 [internal quotation marks omitted]; *see Matter of Sperry Rand Corp. v Town of N. Hempstead*, 53 Misc 2d 970, 971-973, *affd* 29 AD2d 968, *affd* 23 NY2d 666).

Here, " 'there is a sufficient theoretical potential of the properties to be developed in a manner that will result in the generation of garbage [and sewage]' " (*Town of Watertown*, 6 NY3d at 748, quoting *Town of Tonawanda Assessor*, 17 AD3d at 1092). Unlike the plaintiff in *Long Is. Water Corp. v Supervisor of Town of Hempstead* (77 AD3d 795, *lv denied* 16 NY3d 711), plaintiff herein owns the land on which its "mass" properties sit, and we conclude that it is theoretically possible that such land, if put to a different use, could generate garbage and sewage.

Supreme Court therefore properly denied plaintiff's motion and properly granted defendants' cross motion. Because plaintiff sought declaratory relief, however, the court erred in dismissing the petitions-complaints without declaring the rights of the parties (*see New York Tel. Co. v Supervisor of Town of Oyster Bay*, 6 AD3d 511, 512, *affd* 4 NY3d 387; *Restuccio v City of Oswego*, 114 AD3d 1191, 1191), and we therefore modify the judgment accordingly.

Entered: June 13, 2014                          Frances E. Cafarell
                                                Clerk of the Court