■ STATE OF NEW YORK et al., Respondents, v WESTCHESTER JOINT WATER WORKS, Appellant. [757 NYS2d 601] —In an action,

inter alia, pursuant to Public Health Law § 12, the defendant appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered January 23, 2002, which granted the plaintiffs' motion for summary judgment finding that the defendant violated the State Sanitary Code 10 NYCRR 5-1.30 by failing to construct and operate a water filtration plant.

Ordered that the order is affirmed, with costs.

Pursuant to the State Sanitary Code (see 10 NYCRR 5-1.30 [b], [c]), a public water system which supplies drinking water to its consumers from a surface water source was required to implement certain filtration techniques by June 29, 1993, unless it could demonstrate by the same date that it was qualified for "filtration avoidance." The deadline for a filtration avoidance application was June 29, 1992 (see 10 NYCRR 5-1.93 [b]). Here, it is undisputed that the defendant is a public water system which supplies unfiltered drinking water to its consumers from a surface water source, namely, the Rye Lake portion of the Kensico Reservoir. Accordingly, the defendant was required to comply with either the filtration treatment requirements or the filtration avoidance criteria by June 29, 1993 (see 10 NYCRR 5-1.30 [b], [c]). It is undisputed that the defendant did not meet either deadline. On September 21, 1993, the parties entered into a stipulation which, inter alia, permitted the defendant to re-apply for filtration avoidance approval by December 29, 1996. The defendant did not do so. According to the defendant, it eventually achieved compliance with the filtration avoidance criteria in August 1998 and has, ever since, met that criteria. However, the plaintiffs thereafter declined to permit the defendant to re-apply for filtration avoidance on the grounds that the deadline for that application expired on June 29, 1992, and that they lacked the authority to extend that deadline.

The plaintiffs commenced the present action seeking a judgment, inter alia, declaring that the defendant had violated the State Sanitary Code (10 NYCRR 5-1.30). Subsequently, the plaintiffs moved for summary judgment on that issue. The plaintiffs established that the defendant violated section 5-1.30 of the Sanitary Code by failing to either implement certain filtration techniques or meet the filtration avoidance criteria by the June 29, 1993, deadline. In opposition to the plaintiffs' motion, the defendant failed to raise a triable issue of fact as to whether it violated the Sanitary Code. The little evidence submitted in support of the defendant's contention that it has been in compliance with the filtration avoidance criteria since August of 1998 is irrelevant since the time for applying for

filtration avoidance approval expired (*see* 10 NYCRR 5-1.93). Although the parties entered into a stipulation extending that application deadline, the defendant admittedly did not re-apply by the date set forth in that stipulation. Accordingly, the Supreme Court properly awarded the plaintiffs summary judgment.

The defendant's contention that the plaintiffs should be equitably estopped from asserting that it violated the Sanitary Code is without merit. "Generally, estoppel may not be invoked against a governmental agency to prevent it from discharging its statutory duties" (*Wortendyke v Borg,* 138 AD2d 695, 697 [1988]; *see Breezy Point Coop. v City of New York,* 176 AD2d 909, 910 [1991]). The limited exception to this rule is not applicable in this case because there is no evidence that the plaintiffs acted wrongfully or negligently or omitted to act where they had a duty to do so (*see Albano v Long Is. R.R. Co.,* 122 AD2d 923, 924-925 [1986]; *compare Brennan v New York City Hous. Auth.,* 72 AD2d 410 [1980]). Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.