■ STATE OF NEW YORK et al., Respondents, v WESTCHESTER JOINT WATER WORKS, Appellant. [793 NYS2d 527]—

In an action, inter alia, pursuant to Public Health Law § 12, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Barone, J.) entered February 3, 2004, which, inter alia, granted the plaintiffs' motion for a permanent injunction, (2) an order of the same court entered February 4, 2004, which, inter alia, granted the plaintiffs' motion for leave to amend the complaint, and (3) a judgment of the same court entered June 9, 2004, which, inter alia, imposed the permanent injunction.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]), The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

As noted in our prior decision and order in this action (*see State of New York v Westchester Joint Water Works,* 304 AD2d 646 [2003]), the defendant is a public water system which supplies drinking water to its consumers. The defendant was required to demonstrate that it had implemented certain filtration techniques by June 29, 1993, unless it could demonstrate by that date that it was qualified for filtration avoidance. As this Court held, since the defendant failed to reapply for filtration avoidance by December 29, 1996, the date set forth in the parties' stipulation, the defendant was no longer entitled to filtration avoidance (*State of New York v Westchester Joint Wa-*

*ter Works, supra* at 647-648). Accordingly, the defendant's claims regarding filtration avoidance were resolved, and further review is precluded by the doctrine of the law of the case (*see Wendy v Spector*, 305 AD2d 403 [2003]; *MJD Constr. v Woodstock Lawn & Home Maintenance*, 299 AD2d 459 [2002]; *Duffy v Holt-Harris*, 260 AD2d 595 [1999]).

The defendant's remaining arguments with respect to the propriety of the permanent injunction were insufficient to overcome the deference due the Commissioner of Health in exercising her legislatively-delegated authority to act on matters within the area of her expertise (*see Matter of New York State Socy. of Surgeons v Axelrod*, 77 NY2d 677, 685 [1991]; *Matter of New York Pub. Interest Research Group v Town of Islip*, 71 NY2d 292, 306 [1988]; *Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 362-363 [1987]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.