■ New York Telephone Company, Respondent, v Supervisor of Town of North Hempstead et al., Appellants. (Action No. 1.) New York Telephone Company, Respondent, v Supervi-

SOR OF TOWN OF NORTH HEMPSTEAD et al., Appellants. (Action No. 2.) NEW YORK TELEPHONE COMPANY, Respondent, v SUPERVISOR OF TOWN OF NORTH HEMPSTEAD et al., Appellants. (Action No. 3.) VERIZON NEW YORK, INC., Formerly Known as NEW YORK TELEPHONE COMPANY, Respondent, v SUPERVISOR OF TOWN OF NORTH HEMPSTEAD et al., Appellants. (Action No. 4.) VERIZON NEW YORK, INC., Formerly Known as NEW YORK TELEPHONE COMPANY, Respondent, v SUPERVISOR OF TOWN OF NORTH HEMPSTEAD et al., Appellants. (Action No. 5.) [796 NYS2d 715]—

In five related actions, inter alia, for a judgment declaring that the imposition of ad valorem levies for garbage and refuse collection services against certain properties owned by the plaintiff is invalid, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated November 12, 2003, as granted the plaintiff's motion for summary judgment declaring that the defendants' imposition of ad valorem levies for garbage and refuse collection services against certain parcels of real property owned by the plaintiff is invalid, enjoining the continued imposition of such taxes, directing the defendants to refund with interest those ad valorem levies collected from the plaintiff for the tax years 1994 through 2002, and directing that the calculation of damages for the levies paid by the plaintiff for the tax years 1992 and 1993 be determined at trial.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including the entry of a judgment, inter alia, declaring that the defendants' imposition of ad valorem levies for garbage and refuse collection services against the subject properties is invalid.

The Supreme Court correctly determined that the special ad valorem levies for garbage and refuse collection services imposed by the defendants against certain parcels of real property owned by the plaintiff were invalid because the properties did not and could not receive any direct benefit from that service (*see New York Tel. Co. v Supervisor of Town of Oyster Bay*, 4 NY3d 387 [2005]).

The defendants' remaining contentions are without merit.

Since this is, inter alia, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, among other things, for a judgment declaring that the defen-

dants' imposition of ad valorem levies for garbage and refuse collection services against the subject properties was invalid (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P.; Cozier, Ritter and Luciano, JJ., concur.