[843 NE2d 1138, 810 NYS2d 399]

In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF WATERTOWN et al., Respondents.

In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF BETHLEHEM et al., Respondents.

In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF TONAWANDA ASSESSOR et al., Respondents.

Argued November 15, 2005; decided December 22, 2005

## APPEARANCES OF COUNSEL

*Hiscock & Barclay, LLP*, Albany (*Mark D. Lansing* of counsel), for appellant in the first and second above-entitled proceedings.

*Hiscock & Barclay, LLP*, Buffalo (*Mark R. McNamara* and *Mark D. Lansing* of counsel), for appellant in the third above-entitled proceeding.

*Menter, Rudin & Trivelpeice, P.C.*, Syracuse (*Julian B. Modesti* of counsel), for respondents in the first above-entitled proceeding.

*Hacker & Murphy, LLP*, Latham (*Patrick L. Seely, Jr.* of counsel), for respondents in the second above-entitled proceeding.

*Brown & Kelly, LLP*, Buffalo (*Lisa T. Sofferin* and *Karen Cook Serrotte* of counsel), for respondents in the third above-entitled proceeding.

*Michael E. Kenneally, Jr.*, Albany, for Association of Towns of the State of New York, Albany, amicus curiae in the first above-entitled proceeding.

## OPINION OF THE COURT

MEMORANDUM.

The orders in *Matter of Niagara Mohawk v Town of Bethlehem* and *Matter of Niagara Mohawk v Town of Tonawanda Assessor* should be affirmed, with costs; and the order in *Matter of Niagara Mohawk v Town of Watertown* should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this memorandum.

Niagara Mohawk Power Corporation, an energy resources company, owns mass property such as poles, wires, insulators and pipelines for transporting and distributing electricity and natural gas to its residential and commercial customers. In these proceedings, Niagara Mohawk challenges the imposition

of special ad valorem levies* in 2003 on its transmission and distribution facilities by the Towns of Bethlehem, Tonawanda and Watertown to fund a water, garbage and sewer district respectively. Niagara Mohawk takes the position that its transmission and distribution facilities, whether or not situated on or under land that it owns, are not real property benefited by the improvements, and therefore are not properly subject to special ad valorem levies.

In both *Bethlehem* and *Watertown*, the trial courts and the Appellate Division concluded that Niagara Mohawk's challenges were time-barred by Town Law § 195 (2), and so never reached the merits. Section 195 (2) specifies that any interested person aggrieved by a town's final determination or order establishing or extending an improvement district must seek judicial review within 30 days thereafter, accompanied by an undertaking. In *Tonawanda*, however, the trial court reached the merits, concluding that Niagara Mohawk's real property was benefited by the Town's garbage district. The Appellate Division affirmed on this basis.

Each of these appeals calls upon us to apply our recent decision in *New York Tel. Co. v Supervisor of Town of Oyster Bay* (4 NY3d 387 [2005]), which we handed down after the Appellate Division's decisions in *Bethlehem* and *Watertown*, but before the Appellate Division's decision in *Tonawanda*. In *New York Tel. Co.*, we considered whether mass property owned by New York Telephone Company (NYTC) (specifically, telephone lines, wires, cables, poles, supports and enclosures for electrical conductors) constituted "benefited" property upon which the Town of Oyster Bay could impose a special ad valorem levy for garbage collection. We held that "for real property to be 'benefited,' it must be capable of receiving the service funded by the special ad valorem levy" (4 NY3d at 393). To determine whether property is "capable of receiving the municipal service" funded by the tax, "we look to the innate features and legally permissible uses of the property, not the particularities of its owners or occupants or the state of the property at a fixed point in time" (*id.* at 394). Thus, we concluded that NYTC's real property—consisting solely of equipment situated on or under public and private

---

* RPTL 102 (14) defines a "[s]pecial ad valorem levy" as "a charge imposed upon benefited real property in the same manner and at the same time as taxes for municipal purposes to defray the cost . . . of a special district improvement or service, but not including any charge imposed by or on behalf of a city or village."

land not owned by NYTC—was not and could never be benefited by the garbage district because "telephone poles can never produce or require municipal garbage collection" (*id.*).

■ As an initial matter, Town Law § 195 (2) does not preclude Niagara Mohawk's actions against the Towns of Bethlehem and Watertown. As we explained in *New York Tel. Co.*, section 195 (2) does not bar a plenary action attacking a town's authority or jurisdiction to impose a special ad valorem levy on real property for a special district (*id.* at 395 n 7). This is what Niagara Mohawk has, in fact, contested here, although couched in CPLR article 78 terms.

Turning to the merits, as we concluded in *New York Tel. Co.*, real property is "benefited" only if it is "capable of receiving the municipal service" at issue, based on "innate features and legally permissible uses" (*id.* at 394). Thus, special ad valorem levies are unauthorized where the "inherent characteristics of the subject properties preclude them from receiving [the particular municipal] services" at issue (*id.* at 393).

■ Here, Niagara Mohawk's transmission and distribution facilities in the Town of Bethlehem benefit from the Town's water district, which maintains a system of mains, pipes and hydrants available for purposes of firefighting. Indeed, the Town's longtime fire chief attested that he had responded to calls involving gas leaks and, on numerous occasions, fires at Niagara Mohawk's transmission and distribution facilities, caused by such events as downed wires or arcing related to power surges or inclement weather.

■ Similarly, Niagara Mohawk's "otherwise vacant or undeveloped lands improved by electric and gas transmission fixtures and appurtenances" in the Town of Tonawanda benefit from the Town's garbage district (17 AD3d 1090, 1092 [4th Dept 2005]). As the Appellate Division pointed out, "there is a sufficient theoretical potential of the properties to be developed in a manner that will result in the generation of garbage," which, in fact, these properties already produce in the form of landscaping debris (grass clippings, tree clippings and brush) (*id.*).

■ With respect to Niagara Mohawk's real property in the Town of Watertown, the record is inadequate for us to determine whether any of the properties at issue benefit from the Town's sewer district within the meaning of *New York Tel. Co.* Specifically, there are questions of fact as to whether Niagara Mohawk owns the land on or under which the transmission and distribu-

tion facilities are situated, and as to whether, even if Niagara Mohawk does not own the land, the sewer district encompasses storm sewers that actually or might potentially safeguard Niagara Mohawk's transmission and distribution facilities from flooding.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

In *Matter of Niagara Mohawk Power Corp. v Town of Watertown:* Order reversed, with costs, and matter remitted to Supreme Court, Jefferson County, for further proceedings in accordance with the memorandum herein.

In *Matter of Niagara Mohawk Power Corp. v Town of Bethlehem:* Order affirmed, with costs, in a memorandum.

In *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor:* On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, in a memorandum.