In five related actions, inter alia, for judgments declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain properties owned by the plaintiff is invalid, the defendants appeal from a judgment of the Supreme Court, Nassau County (Martin, J.), entered August 14, 2008, which, upon an order of the same court entered October 11, 2006, among other things, denying that branch of the defendants’ motion which was for leave to renew their opposition to a prior motion by the plaintiff, inter alia, for partial summary judgment, is in favor of the plaintiff and against them in various amounts.
Ordered that the judgment is affirmed, with costs.
The plaintiff owns “mass property” within the Town of North Hempstead, including telephone lines, wires, cables, poles, supports, and enclosures for electrical conductors. The plaintiff commenced five actions against the defendants seeking, inter alia, judgments declaring that their imposition of special ad valorem levies for garbage and refuse collection services on these properties was invalid since the properties did not benefit from those services. The plaintiff moved, among other things, for partial summary judgment declaring the levies illegal and void, enjoining the continued imposition of such levies, directing a refund in the sum of $559,991.55 plus interest for the 1994-2002 tax years, and referring the calculation of damages for the 1992 and 1993 tax years to trial. The Supreme Court granted that branch of the plaintiffs motion. On the defendants’ prior appeal from that order, this Court affirmed (see New York Tel. Co. v Supervisor of Town of N. Hempstead, 19 AD3d 465 [2005]). Relying on New York Tel. Co. v Supervisor of Town of Oyster Bay (4 NY3d 387 [2005]), this Court held that the Supreme Court correctly determined that the special ad valorem levies for garbage and refuse collection services imposed by the defendants were invalid because the mass properties did not and could not receive any direct benefit from that service (see New York Tel. Co. v Supervisor of Town of N. Hempstead, 19 AD3d 465 [2005]).
Following the determination of the prior appeal, the defendants moved in the Supreme Court, inter alia, for leave to renew, their opposition to the plaintiffs motion for partial summary *519 judgment based on the Court of Appeals’ recent decision in Matter of Niagara Mohawk Power Corp. v Town of Watertown (6 NY3d 744 [2005]), and based on two affidavits by Town employees concerning the Highway Department’s practice of trimming branches and leaves around the plaintiffs poles and wires, with resulting debris being brought to the Town’s transfer station for disposal. The Supreme Court denied that branch of the defendants’ motion which was for leave to renew. The defendants appealed from that order, but later withdrew that appeal. After a nonjury trial on the amount of damages for the 1992 and 1993 tax years, judgment was entered in favor of the plaintiff and against the defendants in various amounts. The defendants appeal from the judgment. We affirm.
The Supreme Court providently denied that branch of the defendants’ motion which was for leave to renew. The defendants failed to make the requisite showing that any alleged change of the law would have altered the prior determination (see CPLR 2221 [e]; Matter of DeRaffele Mfg. Co., Inc. v Kaloakas Mgt. Corp., 48 AD3d 807 [2008]). Further, they failed to offer new facts which were unavailable at the time of the prior motion or to provide a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e]; Crystal House Manor, Inc. v Totura, 29 AD3d 933 [2006]). In any event, the newly proffered facts would not change the prior determination (see CPLR 2221 [e]).
The defendants’ remaining contentions were previously reviewed and determined against them on the prior appeal, and reconsideration of those issues is barred by the doctrine of the law of the case (see CPLR 5501 [a]; Millennium Envtl., Inc. v City of Long Beach of State of N.Y., 56 AD3d 739 [2008]; State of New York v Westchester Joint Water Works, 17 AD3d 665 [2005]; Wendy u Spector, 305 AD2d 403 [2003]).
The plaintiffs remaining contention need not be reached in light of our determination. Rivera, J.P, Florio, Miller and Hall, JJ., concur.