■ LONG ISLAND WATER CORPORATION, Respondent, v SUPERVISOR OF TOWN OF HEMPSTEAD et al., Appellants. [910 NYS2d 95]—

In a consolidated action for a judgment declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" properties owned by the plaintiff is illegal and void, for a permanent injunction, and to recover money had and received in the nature of a refund of tax payments made in connection with those levies for certain tax years, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered October 10, 2008, as granted those branches of the plaintiff's motion which were for summary judgment declaring that the special ad valorem levies are illegal and void, enjoining the defendants from continuing to impose those special ad valorem levies on the properties, and on the third

cause of action to recover money had and received in the nature of a refund of tax payments made in connection with those levies for the subject tax years, and (2) from a judgment of the same court also entered October 10, 2008, which, upon the order, is in favor of the plaintiff and against the defendants Supervisor of Town of Hempstead, Town of Hempstead, Town of Hempstead Refuse/Disposal District, Town Board of Town of Hempstead, as Commissioners of Town of Hempstead Refuse/Disposal District, Receiver of Taxes of Town of Hempstead, and Controller of Town of Hempstead in the principal sum of $854,778.64.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment by the defendants Town of Hempstead Sanitary District 1, Town of Hempstead Sanitary District 2, Town of Hempstead Sanitary District 6, Town of Hempstead Sanitary District 7, Lido Beach-Point Lookout Refuse/Garbage District, and the Town Board of the Town of Hempstead, as Commissioners of those districts, is dismissed, as those defendants are not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, (1) by adding thereto a provision declaring that the imposition of special ad valorem levies for garbage and refuse collection services against the subject "mass" properties is illegal and void, and (2) by adding thereto a provision permanently enjoining the defendants Supervisor of Town of Hempstead, Town of Hempstead, Town of Hempstead Refuse/Disposal District, Town of Board of Town of Hempstead, as Commissioners of Town of Hempstead Refuse/Disposal District, Receiver of Taxes of Town of Hempstead, and Controller of Town of Hempstead, and their agents, employees, boards, officers, commissioners, members, and directors from imposing, and continuing to impose, special ad valorem levies for garbage and refuse collection services against the subject "mass" properties; as so modified, the judgment is affirmed insofar as appealed from by the defendants Supervisor of Town of Hempstead, Town of Hempstead, Town of Hempstead Refuse/Disposal District, Town of Board of Town of Hempstead, as Commissioners of Town of Hempstead Refuse/Disposal District, Receiver of Taxes of Town of Hempstead, and Controller of Town of Hempstead; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the appellants.

The appeal from the intermediate order be dismissed because the right of direct appeal therefrom terminated with the entry

of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly determined that the subject "mass" properties, consisting of water mains, pipes, and hydrants located on or under public and private land not owned by the plaintiff, do not and cannot benefit from garbage and refuse collection services (*cf. Matter of Niagara Mohawk Power Corp. v Town of Watertown*, 6 NY3d 744, 748 [2005]). Accordingly, the Supreme Court properly awarded summary judgment to the plaintiff declaring that the imposition of special ad valorem levies on the subject "mass" properties for such services is illegal and void, permanently enjoining the defendants from continued imposition of such special ad valorem levies, and directing the refund of the special ad valorem levies paid for the tax years in which payments were made (*see New York Tel. Co. v Supervisor of Town of Oyster Bay*, 4 NY3d 387, 395 [2005]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 76 AD3d 517 [2010]; RPTL 102 [14]).

Contrary to the defendants' contention, the Nassau County Board of Assessors is not a necessary party to these actions (*see* CPLR 1001 [a]; Town Law § 194 [1] [b]). Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.