■ NEW YORK TELEPHONE COMPANY, Respondent, v SUPERVISOR OF TOWN OF HEMPSTEAD et al., Appellants. (And Four Related Actions.) [914 NYS2d 270]—

In five related actions, inter alia, for judgments declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" properties owned by the plaintiff is illegal and void, for a permanent injunction, and to recover money had and received in the nature of a refund of tax payments made in connection with those levies for certain tax years, the defendants Supervisor of the Town of Hempstead, Town of Hempstead, Town of Hempstead Refuse/Disposal District, Town of Hempstead Refuse/Garbage District, Town Board of the Town of Hempstead, Commissioners of Town of Hempstead Refuse/Disposal District, Commissioners of Town of Hempstead Refuse/Garbage District, Receiver of Taxes of the Town of Hempstead, and the Controller of the Town of Hempstead, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated June 22, 2009, as (1) granted those branches of the plaintiff's motion which were for summary judgment declaring that the defendants' imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" parcels of real property owned by the plaintiff is illegal and void, enjoining the defendants from continuing to impose those special ad valorem levies, and on the third cause of action to recover money had and received in the nature of a refund of tax payments made in connection with those levies for the tax years 1994 through 2002, and to direct that the calculation of damages for the levies paid by the plaintiff for the tax years 1992 and 1993

be determined at trial, and (2) denied their cross motion pursuant to CPLR 3211 (a) (10) to dismiss the complaints for failure to name a necessary party, or pursuant to CPLR 1001 to direct the plaintiff to join the County of Nassau, the Nassau County Board of Assessors, the Nassau County Board of Assessment Review, the Assessment Review Commission of the County of Nassau, and the Assessor of the County of Nassau as parties to the actions.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including the entry of judgments, inter alia, declaring that the defendants' imposition of special ad valorem levies for garbage and refuse collection services against the subject "mass" properties is illegal and void.

The Supreme Court correctly determined that the special ad valorem levies for garbage and refuse collection services imposed by the defendants against certain "mass" parcels of real property owned by the plaintiff were invalid because those properties did not and could not receive any direct benefit from those services (see New York Tel. Co. v Supervisor of Town of Oyster Bay, 4 NY3d 387, 393-395 [2005]; New York Tel. Co. v Supervisor of Town of N. Hempstead, 76 AD3d 517 [2010]; cf. Matter of Niagara Mohawk Power Corp. v Town of Watertown, 6 NY3d 744, 748 [2005]). Accordingly, the plaintiff's motion for summary judgment was properly granted.

With respect to the defendants' cross motion, although the defendants correctly note that Nassau County Administrative Code § 6-26.0 (b) (3) (c), referred to as the "County Guaranty," remains viable (see New York Tel. Co. v Supervisor of Town of N. Hempstead, 77 AD3d 121 [2010]), the County of Nassau, the Nassau County Board of Assessors, the Nassau County Board of Assessment Review, the Assessment Review Commission of the County of Nassau, and the Assessor of the County of Nassau are not necessary parties to these actions (see CPLR 1001 [a]; Town Law § 194 [1] [b]; Long Is. Water Corp. v Supervisor of Town of Hempstead, 77 AD3d 795 [2010]).

Since these are, in part, declaratory judgment actions, the matters must be remitted to the Supreme Court, Nassau County, for the entry of judgments, inter alia, declaring that the defendants' imposition of special ad valorem levies for garbage and refuse collection services against the subject "mass" properties is illegal and void (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Rivera, J.P., Covello, Florio and Chambers, JJ., concur.