■ KEYSPAN GAS EAST CORPORATION, Respondent, v SUPERVISOR OF TOWN OF NORTH HEMPSTEAD et al., Appellants. (And Five Related Actions.) [922 NYS2d 781]—

In six related actions, inter alia, for judgments declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" properties owned by the plaintiff is illegal and void, for a permanent injunction, and to recover money had and received in the nature of a refund of tax payments made in connection with those levies for certain tax years, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated December 7, 2009, as (1) granted those branches of the plaintiff's motion which were for summary judgment on the complaint declaring that the defendants' imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" properties owned by the plaintiff is illegal and void, enjoining the defendants from continuing to impose those special ad valorem levies, and on the third cause of action to recover money had and received in the nature of a refund of tax payments made in connection with those levies for the tax years 1996 through 2007, and (2) denied their cross motion pursuant to CPLR 3211 (a) (10) to dismiss the complaints for failure to name a necessary party, or pursuant to CPLR 1001 to direct the plaintiff to join the County of Nassau, the Nassau County Board of Assessors, the Nassau County Board of Assessment Review, the Assessment Review Commission of the County of Nassau, and the Assessor of the County of Nassau as parties to the actions.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matters are remitted to the Supreme Court, Nassau County, for the entry of judgments, inter alia, declaring that the defendants' imposition of special ad valorem levies for garbage and refuse collection services against the subject "mass" properties is illegal and void.

The Supreme Court correctly determined that the special ad valorem levies for garbage and refuse collection services imposed by the defendants against certain "mass" parcels of real property owned by the plaintiff were invalid because those properties did not and could not receive any direct benefit from those services (*see* RPTL 102 [14]; *New York Tel. Co. v Supervisor of Town of Oyster Bay*, 4 NY3d 387, 393-395 [2005]; *New York Tel. Co. v Supervisor of Town of Hempstead*, 80 AD3d 583 [2011]; *Long Is. Water Corp. v Supervisor of Town of Hempstead*, 77 AD3d 795 [2010]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 76 AD3d 517 [2010]; *Long Is. Light. Co. v Office of Supervisor of Town of N. Hempstead*, 233 AD2d 300 [1996]; *cf. Matter of Niagara Mohawk Power Corp. v Town of Watertown*, 6 NY3d 744, 748 [2005]). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment declaring that the defendants' imposition of the special ad valorem levies against the subject "mass" properties is illegal and void, enjoining the defendants from continuing to impose those special ad valorem levies, and directing refund of tax payments made in connection with those levies for the subject tax years.

With respect to the defendants' cross motion, the County of Nassau, the Nassau County Board of Assessors, the Nassau County Board of Assessment Review, the Assessment Review Commission of the County of Nassau, and the Assessor of the County of Nassau are not necessary parties to these actions (*see* CPLR 1001 [a]; Town Law § 194 [1] [b]; *New York Tel. Co. v Supervisor of Town of Hempstead*, 80 AD3d 583 [2011]; *Long Is. Water Corp. v Supervisor of Town of Hempstead*, 77 AD3d 795 [2010]).

Since these are, in part, declaratory judgment actions, the matters must be remitted to the Supreme Court, Nassau County, for the entry of judgments, inter alia, declaring that the defendants' imposition of special ad valorem levies for garbage and refuse collection services against the subject "mass" properties is illegal and void (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur. **[Prior Case History: 26 Misc 3d 1208(A), 2009 NY Slip Op 52687(U).]**