New York Telephone Company, Respondent, v Supervisor of Town of Hempstead et al., Appellants, et al., Defendants. (Action No. 1.) New York Telephone Company, Respondent, v Supervisor of Town of Hempstead et al., Appellants, et al., Defendants. (Action No. 2.) New York Telephone Company, Respondent, v Supervisor of Town of Hempstead et al., Appellants, et al., Defendants. (Action No. 3.) Verizon New York, Inc., Formerly Known as New York Telephone Company, Respondent, v Supervisor of Town of Hempstead et al., Appellants, et al., Defendants. (Action No. 4.) Verizon New York, Inc., Formerly Known as New York Telephone Company, Respondent, v Supervisor of Town of Hempstead et al., Appellants, et al., Defendants. (Action No. 5.) [982 NYS2d 162]—

In five related actions, inter alia, for judgments declaring that the imposition of special ad valorem taxes for garbage and refuse collection services against certain "mass" property owned by the plaintiff in the Town of Hempstead is illegal and void, for a permanent injunction, and to recover money had and received in the nature of a refund of tax payments made in connection with those taxes for certain tax years, the defendants Supervisor of the Town of Hempstead, Town of Hempstead, Town of Hempstead Refuse/Disposal District, Town of Hempstead Refuse/Garbage District, Town Board of the Town of Hempstead, as Commissioners of Town of Hempstead Refuse/Disposal District and Town of Hempstead Refuse/Garbage District, Receiver of Taxes of the Town of Hempstead, and the Controller of the Town of Hempstead appeal, as limited by their brief, (1) from stated portions of a judgment of the Supreme Court, Nassau County (Parga, J.), dated March 23, 2012, entered in action No. 1, and (2) from so much of an amended judgment of the same court entered June 4, 2012, in action No. 1, as, upon an order of the same court dated June 22, 2009, granting those branches of the plaintiff's motion which were for summary judgment declaring that the imposition of the special ad valorem taxes is illegal and void and that the defendants are liable for the refunds, if any, due to the plaintiff, declared that the imposi-

tion of the subject special ad valorem taxes at issue in action No. 1 is illegal and void, enjoined the defendants from continuing to impose the subject special ad valorem taxes, and awarded the plaintiff damages representing refunds of tax payments made in connection with levies for the special ad valorem taxes for the tax years 1992 through 1998, and the defendants Supervisor of the Town of Hempstead, Town of Hempstead, Town of Hempstead Refuse/Disposal District, Town of Hempstead Refuse/Garbage District, Merrick-North Merrick Refuse/ Garbage District, Lido Beach-Point Lookout Refuse/Garbage District, Town Board of the Town of Hempstead as Commissioners of Town of Hempstead Refuse/Disposal District, Town of Hempstead Refuse/Garbage District, Merrick-North Merrick Refuse/Garbage District and Lido Beach-Point Lookout Refuse/ Garbage District, Receiver of Taxes of the Town of Hempstead, and Controller of the Town of Hempstead appeal, as limited by their brief, from (1) so much of a judgment of the same court entered March 27, 2012, in action No. 2, as, upon the same order dated June 22, 2009, enjoined them from continuing to impose the subject special ad valorem taxes and awarded the plaintiff damages representing refunds of tax payments made in connection with levies for the special ad valorem taxes for the tax years 1993 through 1999, (2) so much of a judgment of the same court entered March 27, 2012, in action No. 3, as, upon the same order dated June 22, 2009, enjoined them from continuing to impose the subject special ad valorem taxes and awarded the plaintiff damages representing refunds of tax payments made in connection with levies for the subject special ad valorem taxes for the tax year 2000, (3) so much of a judgment of the same court entered March 27, 2012, in action No. 4, as, upon the same order dated June 22, 2009, enjoined them from continuing to impose the subject special ad valorem taxes and awarded the plaintiff damages representing refunds of taxes paid in connection with levies for special ad valorem taxes for the tax year 2001, (4) so much of a judgment of the same court entered March 27, 2012, in action No. 5, as, upon the same order dated June 22, 2009, enjoined them from imposing the subject special ad valorem taxes and awarded the plaintiff damages representing refunds of tax payments made in connection with levies for special ad valorem taxes for the tax year 2002.

Ordered that appeal from the judgment in action No. 1 is dismissed, as that judgment was superseded by the amended judgment entered in that same action; and it is further,

Ordered that the amended judgment in action No. 1 and the judgments in action Nos. 2, 3, 4, and 5 are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

New York Telephone Company, now known as Verizon New York, Inc. (hereinafter Verizon), commenced five actions challenging the imposition of special ad valorem taxes for garbage and refuse collection services on its "mass" property situated within the Town of Hempstead. In the context of these appeals, the term "mass property" refers to equipment such as lines, wires, cables, poles, supports, and enclosures for electrical conductors, which constitute a type of real property that is not amenable to human occupation and has been erected on public and private real property owned by persons or entities other than the plaintiff (*see New York Tel. Co. v Supervisor of Town of Oyster Bay*, 4 NY3d 387, 390 [2005]). Verizon commenced the actions against, among others, the Supervisor of the Town of Hempstead and various municipal bodies and special districts within the Town of Hempstead (hereinafter collectively the Town defendants). In 2005, while these actions were pending, the Court of Appeals, in *New York Tel. Co. v Supervisor of Town of Oyster Bay* (4 NY3d 387 [2005]), determined that, pursuant to RPTL 102 (14), the imposition of special ad valorem taxes for garbage and refuse collection on utility "mass" property that was, by its nature, incapable of generating garbage was illegal (*see id.* at 392-395). In an order dated June 22, 2009, the Supreme Court granted Verizon's motion for summary judgment in these actions, inter alia, declaring that the imposition of the subject special ad valorem taxes is illegal and void, permanently enjoining the future imposition of those taxes on Verizon's "mass" property situated within the Town, and on the cause of action to recover sums representing refunds of tax payments made in connection with levies for the subject ad valorem taxes in the tax years challenged in each action. The Town defendants appealed from portions of that order, and we affirmed (*see New York Tel. Co. v Supervisor of Town of Hempstead*, 80 AD3d 583 [2011]). The Supreme Court, upon determining the amount of refunds owed to Verizon, entered judgments upon the order dated June 22, 2009. On appeal from the judgments, the Town defendants argue that, pursuant to former Nassau County Administrative Code (hereinafter NCAC) § 6-26.0 (b) (3) (c), popularly known as "the County Guaranty," the County of Nassau, and not the Town, is liable for these refunds and that, accordingly, the Supreme Court erred in entering judgment against it in these matters. The Town defendants further argue that, pursuant to the County's property taxation system, the County has exclusive control over which properties are placed on the assessment rolls for the subject special ad valorem taxes and that, accordingly, the same court erred in

enjoining the Town defendants from taking actions (e.g., continuing to impose such taxes) that are within the County's sole control.

Pursuant to the County Guaranty, the County is liable for refunds of tax payments made in connection with levies for special ad valorem taxes (*see Keyspan Generation, LLC v Nassau County*, 115 AD3d 812 [2014] [decided herewith]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 77 AD3d 121, 122, 131-132 [2010]). However, in the actions at bar, Verizon chose to seek refunds from the Town, to which the payments had been made, rather than from the County directly. That was proper in light of our determination that the County is not a necessary party to actions seeking refunds of tax payments made in connection with levies for special ad valorem taxes (*see Keyspan Gas E. Corp. v Supervisor of Town of N. Hempstead*, 84 AD3d 741, 742 [2011]; *New York Tel. Co. v Supervisor of Town of Hempstead*, 80 AD3d at 584). Accordingly, while the Town may seek indemnification from the County pursuant to the County Guaranty, the Supreme Court correctly determined that the Town is liable for these refunds in the first instance, and can be sued directly by a taxpayer. Thus, the Supreme Court did not err in entering the judgments against the Town defendants.

Pursuant to Town Law article 12, a town may establish and extend special districts for, inter alia, the provision of garbage and refuse collection services (*see* Town Law §§ 190, 194, 198, 202). However, in the County of Nassau, control of property taxation is centralized at the County level (*see* NCAC § 6-2.0; Nassau County Charter § 602; *see also Matter of Baldwin Union Free Sch. Dist. v County of Nassau*, 105 AD3d 113, 114-115 [2013], *affd* 22 NY3d 606 [2014]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 77 AD3d at 125-126). Thus, the assessment roll prepared by the County Board of Assessors is the official roll for the County and for "each town and special district therein" (NCAC § 6-15.0).

Pursuant to the above authority, both the Town and the County have roles in determining which properties are subject to special ad valorem taxes. As the Town could, in the future, establish new special districts for garbage and refuse collection or extend existing districts, and, thus, it could retain a role in determining which property is subject to these taxes, the Supreme Court did not err in enjoining the Town from continuing to impose special ad valorem taxes on Verizon's "mass" property situated in the Town. Mastro, J.P., Dillon, Leventhal and Duffy, JJ., concur.