■ NEW YORK TELEPHONE COMPANY, Respondent-Appellant, v SUPERVISOR OF TOWN OF HEMPSTEAD et al., Defendants/Third-

Party Plaintiffs-Respondents, and TOWN OF HEMPSTEAD SANITARY DISTRICT 1 et al., Respondents. COUNTY OF NASSAU et al., Third-Party Defendants-Appellants. (Action No. 1.) NEW YORK TELEPHONE COMPANY, Respondent-Appellant, v SUPERVISOR OF TOWN OF HEMPSTEAD et al., Defendants/Third-Party Plaintiffs-Respondents, and TOWN OF HEMPSTEAD SANITARY DISTRICT 1 et al., Respondents. COUNTY OF NASSAU et al., Third-Party Defendants-Appellants. (Action No. 2.) NEW YORK TELEPHONE COMPANY, Respondent-Appellant, v SUPERVISOR OF TOWN OF HEMPSTEAD et al., Defendants/Third-Party Plaintiffs-Respondents, and TOWN OF HEMPSTEAD SANITARY DISTRICT 1 et al., Respondents. COUNTY OF NASSAU et al., Third-Party Defendants-Appellants. (Action No. 3.) VERIZON NEW YORK, INC., Formerly Known as NEW YORK TELEPHONE COMPANY, Respondent-Appellant, v SUPERVISOR OF TOWN OF HEMPSTEAD et al., Defendants/Third-Party Plaintiffs-Respondents, and TOWN OF HEMPSTEAD SANITARY DISTRICT 1 et al., Respondents. COUNTY OF NASSAU et al., Third-Party Defendants-Appellants. (Action No. 4.) VERIZON NEW YORK, INC., Formerly Known as NEW YORK TELEPHONE COMPANY, Respondent-Appellant, v SUPERVISOR OF TOWN OF HEMPSTEAD et al., Defendants/Third-Party Plaintiffs-Respondents, and TOWN OF HEMPSTEAD SANITARY DISTRICT 1 et al., Respondents. COUNTY OF NASSAU et al., Third-Party Defendants-Appellants. (Action No. 5.) [982 NYS2d 492]—

In five related actions, inter alia, for judgments declaring that the imposition of special ad valorem taxes for garbage and refuse collection services against certain "mass" property owned by the plaintiff is illegal and void, the third-party defendants appeal (1), as limited by their brief, from so much of five orders of the Supreme Court, Nassau County (Parga, J.), all entered July 26, 2012 (one per action), as granted that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment directing the third-party defendant County of Nassau to pay the plaintiff all sums that the defendants/third-party plaintiffs had been directed to pay to the plaintiff for refunds of tax payments made in connection with levies for certain special ad valorem taxes, and enjoining the third-party defendants County of Nassau and the Assessor of the County of Nassau from imposing the subject special ad valorem taxes upon the plaintiff's "mass" property situated in the Town of Hempstead in future tax years, and (2) from five orders of the same court, all entered December 3, 2012 (one per action), which denied the third-party defendants' motion for

leave to reargue and renew, and the plaintiff cross-appeals, as limited by its brief, from so much of the five orders entered July 26, 2012, as directed the third-party defendant County of Nassau, rather than the Town of Hempstead, to pay the plaintiff the amount owed to the plaintiff by the Town of Hempstead in the main action.

Ordered that the appeals by the third-party defendants Nassau County Board of Assessors, Assessment Review Commission of the County of Nassau, County Treasurer, and County Legislature of the County of Nassau from the five orders entered July 26, 2012, are dismissed, without costs or disbursements, as those parties are not aggrieved by the portions of the orders appealed from; and it is further,

Ordered that the appeal from so much of the orders entered December 3, 2012, as denied that branch of the third-party defendants' motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (*see Schiano v Mijul, Inc.*, 79 AD3d 726 [2010]; *Nicoletti v City of New York*, 77 AD3d 715, 716 [2010]; *Weiss v Deloitte & Touche, LLP*, 63 AD3d 1045, 1047 [2009]); and it is further,

Ordered that the five orders entered July 26, 2012, are modified, on the law, by deleting the provisions thereof directing the third-party defendant County of Nassau to pay the plaintiff all sums that the defendants/third-party plaintiffs had been directed to pay the plaintiff for refunds of tax payments made in connection with levies for the subject special ad valorem taxes, and substituting therefor provisions directing the third-party defendant County of Nassau to reimburse and indemnify the defendants/third-party plaintiffs for all sums that the defendants/third-party plaintiffs had been directed to pay the plaintiff for refunds of tax payments made in connection with levies for the subject special ad valorem taxes; as so modified, the orders entered July 26, 2012, are affirmed insofar as appealed from by the third-party defendant County of Nassau, without costs or disbursements; and it is further,

Ordered that the five orders entered December 3, 2012, are affirmed insofar as reviewed, without costs or disbursements.

New York Telephone Company, now known as Verizon New York, Inc. (hereinafter Verizon), commenced five actions challenging the imposition of special ad valorem taxes for garbage and refuse collection services on their "mass" property situated within the Town of Hempstead. In the context of these appeals, the term "mass property" refers to equipment such as lines, wires, cables, poles, supports, and enclosures for electrical

conductors, which constitute a type of real property that is not amenable to human occupation and has been erected on public and private real property owned by persons or entities other than the plaintiffs (*see New York Tel. Co. v Supervisor of Town of Oyster Bay*, 4 NY3d 387, 390 [2005]). Verizon commenced the actions against, among others, the Supervisor of the Town of Hempstead and various municipal bodies and special districts within the Town (hereinafter collectively the Town defendants). In five judgments, the Supreme Court, inter alia, awarded Verizon damages against the Town defendants, representing refunds of tax payments made in connection with levies for the challenged special ad valorem taxes (*see New York Tel. Co. v Supervisor of Town of Hempstead*, 115 AD3d 821 [2014] [decided herewith]). The Town defendants commenced third-party actions against the County of Nassau, the Assessor of the County of Nassau (hereinafter the Assessor), the Nassau County Board of Assessors, the Assessment Review Commission of the County of Nassau, the County Treasurer, and the County Legislature of the County of Nassau seeking, inter alia, indemnification pursuant to former Nassau County Administrative Code (hereinafter NCAC) § 6-26.0 (b) (3) (c), popularly known as "the County Guaranty," as well as injunctive relief.

The third-party defendants moved to dismiss the third-party complaints pursuant to CPLR 3211 (a), and the Town defendants cross-moved, inter alia, for summary judgment directing the third-party defendants to pay Verizon any and all refund sums directly, and permanently enjoining the third-party defendants from imposing special ad valorem taxes on Verizon's mass property. In orders entered July 26, 2012, the Supreme Court, among other things, denied the third-party defendants' motion to dismiss the third-party complaints, and granted those branches of the Town defendants' cross motion which were for summary judgment directing the County to pay the refunds directly to Verizon and permanently enjoining the County and the Assessor from imposing the taxes in the future. The third-party defendants moved for leave to renew and reargue pursuant to CPLR 2221 and, in orders entered December 3, 2012, the Supreme Court denied that motion. The third-party defendants appeal from the orders entered July 26, 2012, and the orders entered December 3, 2012. Verizon cross-appeals from the orders entered July 26, 2012, arguing that, in directing the County to pay it directly rather than to indemnify the Town, the court awarded Verizon relief that it did not seek and that is inconsistent with the complaint and the relief sought against the Town.

Verizon and the third-party defendants correctly contend that

the Supreme Court erred in directing the County to pay Verizon directly all sums which the Town had been ordered to pay for refunds of the challenged special ad valorem taxes. In the actions at bar, Verizon chose to seek refunds from the Town, to which it made the tax payments, rather than from the County directly. That was proper, in light of this Court's previous determination that the County is not a necessary party to actions seeking refunds of tax payments made in connection with levies for special ad valorem taxes (*see Keyspan Gas E. Corp. v Supervisor of Town of N. Hempstead*, 84 AD3d 741, 742 [2011]; *New York Tel. Co. v Supervisor of Town of Hempstead*, 80 AD3d 583, 584 [2011]). Accordingly, while the Town is entitled to indemnification from the County pursuant to the County Guaranty (*see Keyspan Generation, LLC v Nassau County*, 115 AD3d 812 [2014] [decided herewith]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 77 AD3d 121, 122, 131-132 [2010]), the Town is liable for these refunds in the first instance and, in the context of these actions, which Verizon commenced only against the Town defendants, it was error for the court to direct the County to pay the plaintiff directly (*see New York Tel. Co. v Supervisor of Town of Hempstead*, 115 AD3d 821 [2014] [decided herewith]). Accordingly, the Supreme Court should have directed the County to indemnify the Town by reimbursing it for the sums the Town had been ordered to pay Verizon.

The County also argues that it should be relieved of liability for these refunds because, due to the County's precarious financial situation, paying these refunds will result in "fiscal chaos." For the reasons stated in *Keyspan Generation, LLC v Nassau County* (115 AD3d 812 [2014] [decided herewith]), this contention lacks merit (*see Foss v City of Rochester*, 65 NY2d 247, 260 [1985]; *Matter of Hellerstein v Assessor of Town of Islip*, 37 NY2d 1, 13-14 [1975]; *Matter of Andresen v Rice*, 277 NY 271, 282 [1938]; *Gandolfi v City of Yonkers*, 101 AD2d 188, 197-198 [1984], *affd* 62 NY2d 995 [1984]; *Hurd v City of Buffalo*, 41 AD2d 402, 406 [1973], *affd* 34 NY2d 628 [1974]).

The Supreme Court properly denied that branch of the third-party defendants' motion which sought leave to renew, since it was not based upon new facts that would have changed the prior determination or a change in law, and since the third-party defendants failed to proffer a reasonable justification for their failure to proffer the new facts on their prior motion (*see* CPLR 2221 [e] [2], [3]; *Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]; *Jovanovic v Jovanovic*, 96 AD3d 1019, 1020 [2012]; *Matter of Nelson v Allstate Ins. Co.*, 73 AD3d 929 [2010]; *Coccia v Liotti*, 70 AD3d 747, 753 [2010]).

In light of the foregoing, we need not reach the parties' remaining contentions. Mastro, J.P., Dillon, Leventhal and Duffy, JJ., concur.