■ VERIZON NEW YORK, INC., Formerly Known as NEW YORK TELEPHONE COMPANY, Plaintiff, v SUPERVISOR OF TOWN OF OYSTER BAY, et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendants. COUNTY OF NASSAU et al., Third-Party Defendants-Appellants. [982 NYS2d 343]—In an action, inter alia, for a judgment declaring that the imposition of special ad valorem taxes for garbage and refuse collection services against certain "mass" property owned by the plaintiff is illegal and void, the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated July 12, 2012, as denied that branch of their motion which was for summary judgment dismissing the third-party complaint.

■ VERIZON NEW YORK, INC., Formerly Known as NEW YORK TELEPHONE COMPANY, Appellant-Respondent, v SUPERVISOR OF

Town Oyster Bay et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants, et al., Defendants. County of Nassau et al., Third-Party Defendants-Respondents. (Appeal No. 1.) Verizon New York, Inc., Formerly Known as New York Telephone Company, Plaintiff, v Supervisor of Town Oyster Bay et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendants. County of Nassau et al., Third-Party Defendants-Appellants. (Appeal No. 2.) [982 NYS2d 381]—In an action, inter alia, for a judgment declaring that the imposition of special ad valorem taxes for garbage and refuse collection services against certain "mass" property owned by the plaintiff is illegal and void, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered December 3, 2012, as, upon granting that branch of its motion which was for summary judgment on so much of the complaint as sought refunds for tax payments made in connection with the special ad valorem taxes, directed the third-party defendant County of Nassau, instead of the defendants/third-party plaintiffs, to pay the refunds to the plaintiff directly, the defendants/third-party plaintiffs cross-appeal from stated portions of the same order which, inter alia, granted that branch of the plaintiff's motion which was for summary judgment enjoining them from imposing certain special ad valorem taxes upon the plaintiff's "mass" property, and the third-party defendants separately appeal, as limited by their brief, from so much of the same order as granted that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment on the third-party complaint and directed the third-party defendants to fulfill their duty to indemnify the defendants/third-party plaintiffs with respect to refunds owed to the plaintiffs in the main action by paying the refunds directly to the plaintiff,

Ordered that the order is modified, on the law, by deleting the provision thereof directing the third-party defendant County of Nassau to pay directly to the plaintiff all refunds owed to the plaintiff in the main action, and substituting therefor provisions directing the defendants/third-party plaintiffs to pay the refunds to the plaintiff and the third-party defendant County of Nassau to reimburse the defendants/third-party plaintiffs for such payments; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Verizon New York, Inc., formerly known as New York Telephone Company (hereinafter Verizon), commenced this action against, among others, the Supervisor of the Town of Oyster Bay, the Town of Oyster Bay, and various special districts within the Town of Oyster Bay (hereinafter collectively the

town defendants) seeking, inter alia, refunds of tax payments made in connection with certain special ad valorem taxes imposed upon its "mass" property for garbage and refuse collection service. In the context of these appeals, the term "mass property" refers to equipment such as lines, wires, cables, poles, supports, transformers, conductors, and enclosures for electrical conductors, which constitute a type of real property that is not amenable to human occupation and has been erected on public and private real property owned by persons or entities other than the plaintiffs (*see New York Tel. Co. v Supervisor of Town of Oyster Bay*, 4 NY3d 387, 390 [2005]). The town defendants commenced a third-party action against the County of Nassau and the Nassau County Board of Assessors (hereinafter together the County entities), claiming that, pursuant to former Nassau County Administrative Code § 6-26.0 (b) (3) (c), popularly known as "the County Guaranty," they were entitled to indemnification by the County for any sums which the town defendants were liable to pay Verizon for refunds with respect to the challenged special ad valorem taxes. Verizon moved, inter alia, for summary judgment declaring that the imposition of the subject special ad valorem taxes is invalid, permanently enjoining the future imposition of such taxes on its mass property, and awarding it refunds of taxes that were paid. The town defendants also moved, inter alia, for summary judgment on the third-party complaint for indemnification against the County entities. The Supreme Court granted Verizon's motion and awarded it the declaratory, injunctive, and monetary relief it sought. The court also granted the town defendants' motion, but thereupon directed the County to fulfill its duty of indemnification to the Town by paying directly to Verizon all sums due and owing in the main action for refunds with respect to the subject special ad valorem taxes, and permanently enjoined the County entities from imposing the subject special ad valorem taxes upon Verizon's mass property in future tax years.

For the reasons stated in *Keyspan Generation, LLC v Nassau County* (115 AD3d 812 [2014] [decided herewith]), *New York Tel. Co. v Supervisor of Town of Hempstead* (115 AD3d 821 [2014] [decided herewith]), and *New York Tel. Co. v Supervisor of Town of Hempstead* (115 AD3d 824 [2014] [decided herewith]), the Supreme Court erred in directing the County, instead of the Town, to directly pay to Verizon all sums due and owing for refunds in the main action (*see Keyspan Gas E. Corp. v Supervisor of Town of N. Hempstead*, 84 AD3d 741, 742 [2011]; *New York Tel. Co. v Supervisor of Town of Hempstead*, 80 AD3d 583, 584 [2011]; *New York Tel. Co. v Supervisor of Town of N.*

*Hempstead*, 77 AD3d 121, 122, 131-132 [2010]). Instead, the Town is liable to Verizon for the refunds, and the Supreme Court should have directed the County to indemnify the Town by reimbursing the Town for those sums.

The remaining contentions of the County entities and the town defendants are without merit. Mastro, J.P., Dillon, Leventhal and Duffy, JJ., concur.