# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**623**
**CA 13-02019**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF NIAGARA MOHAWK POWER
CORPORATION, DOING BUSINESS AS NATIONAL
GRID, PETITIONER-PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ASSESSOR, TOWN OF CHEEKTOWAGA, BOARD OF
ASSESSMENT REVIEW OF TOWN OF CHEEKTOWAGA
AND TOWN OF CHEEKTOWAGA,
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

HISCOCK & BARCLAY, LLP, ALBANY (KARLA M. CORPUS OF COUNSEL), FOR
PETITIONER-PLAINTIFF-APPELLANT.

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (MAURA C. SEIBOLD OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (John A. Michalek, J.), entered January 18,
2013 in CPLR article 78 proceedings and declaratory judgment actions.
The judgment, among other things, denied petitioner-plaintiff's motion
for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the provision dismissing
the petitions-complaints and granting judgment in favor of
respondents-defendants as follows:

It is ADJUDGED and DECLARED that the imposition of ad
valorem levies for sewer services against the subject
properties is valid,

and as modified the judgment is affirmed without costs.

Memorandum: Petitioner-plaintiff (petitioner) commenced these
consolidated hybrid CPLR article 78 proceedings and declaratory
judgment actions seeking to challenge the imposition of special ad
valorem sewer taxes on its "mass properties" located in respondent-
defendant Town of Cheektowaga (Town).  The term "mass properties"
herein refers to petitioner's electric and natural gas transmission
and distribution facilities, including two substations.  According to
petitioner, its mass properties are not benefitted by the Town's sewer
district because they do not produce sewage.  Petitioner thus
concludes that it should not have to pay the sewer district's ad

valorem taxes, and that Supreme Court should have granted its motion for summary judgment and denied respondents' "application" for summary judgment.

We conclude that the court properly denied petitioner's motion for summary judgment because petitioner failed to meet its initial burden of establishing as a matter of law that it does not own the land on which its mass properties are located.  If petitioner owns the land, it must pay the sewer taxes regardless of whether the properties currently produce sewage inasmuch as it is theoretically possible that the properties could be " 'developed in a manner that will result in the generation of [sewage]' " (*Matter of Niagara Mohawk Power Corp. v Town of Watertown*, 6 NY3d 744, 748, quoting *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor*, 17 AD3d 1090, 1092), and it is immaterial that the Town taxes the land separately from the improvements thereon and that petitioner challenges only the tax on the improvements.

We further conclude that the court properly granted respondents' application for summary judgment based on the fact that petitioner may still benefit from the sewer district even if it does not own the land on which its mass properties are located.  Respondents established that a significant amount of storm water infiltrates the Town's sewer system and that "the sewer district encompasses storm sewers that actually or might potentially safeguard [petitioner]'s transmission and distribution facilities from flooding" (*Town of Watertown*, 6 NY3d at 749).  Petitioner failed to raise an issue of fact with respect to that issue (*see Zuckerman v City of New York*, 49 NY2d 557, 562).  We note that we considered that identical issue in *Matter of Niagara Mohawk Power Corp. v Town of Niagara* (83 AD3d 1574, *lv denied* 17 NY3d 708), where the court determined that petitioner benefitted from the Town of Niagara's sewer system, which was also infiltrated by storm water, and we affirmed for reasons stated in the court's decision.  We perceive no reason to reach a different result here.

Because petitioner sought declaratory relief, however, the court erred in dismissing the petitions/complaints without declaring the rights of the parties (*see New York Tel. Co. v Supervisor of Town of Oyster Bay*, 6 AD3d 511, 512, *affd* 4 NY3d 387; *Restuccio v City of Oswego*, 114 AD3d 1191, 1191), and we therefore modify the judgment accordingly.

Entered: June 20, 2014                        Frances E. Cafarell
                                              Clerk of the Court